## Many vs. The Beekman Iron Company and others.

Where the parties to a contract, for the sale and purchase of iron, intended to contract for a certain number of tons gross weight, at a specified price by the ton, but in reducing the contract to writing the term tons only was used, without any thing appearing upon the face of the contract to show that any other than statute tons of 2000 pounds avoirdupois were intended: *Held*, that in a suit at law upon the contract, the parties would be precluded from showing that tons gross weight were intended; and that the party injured by the mistake might therefore file a bill in chancery to reform the written contract so as to make it conform to the actual understanding and intent of the parties to the same.

In a contract made by the agents of a corporation, not under seal, it is sufficient to bind the corporation if it appears upon the contract that the agents who signed it intended to contract for the corporation, as such agents, and not for themselves as individuals.

Where the officers or agents of a corporation are made parties to a bill filed against the corporation, for the purpose of compelling an answer upon oath, and the complainant by mistake inserts a prayer for relief against such officers as well as against the company, the officers cannot demur to the dis-

covery and relief generally. But they should make the discovery sought and demur to the relief; or should answer the bill generally, and then object, at the hearing, that they had been improperly made parties to the suit for relief as well as for discovery.

The case of officers and agents of a corporation is an exception to the general rule that a person who has no interest in the subject matter of the litigation, and who is a mere witness, cannot be made a defendant in a bill in chancery. But they can only be made parties for discovery, where relief is sought against the corporation; and not where the whole relief claimed is against persons other than the corporation.

Where the officers or agents of a corporation are made parties to a bill in chancery, for the purpose of obtaining a discovery of facts within their knowledge as such officers or agents, it is not necessary for the complainant to show in his bill that they alone are acquainted with the facts as to which an answer is sought. It is sufficient if it appears that the facts charged in the bill are material to the relief sought against the corporation, and are known to the officers or agents as such; especially if the discovery relates to transactions with them and in that character.

Praying relief against some of the defendants in a suit as to whom the complainant is not entitled to relief but to a discovery merely, does not render a bill multifarious.

Where a demurrer to a bill is accompanied by an answer, although such answer merely denies combination, and the demurrer is overruled, if the complainant wants a further answer he must file exceptions to the answer already put in.

THIS case came before the court upon the separate demurrers of the Beekman Iron Company, and of the defendants Conklin and Hewett, to the complainant's bill. The facts as stated in the bill were substantially as follows: The Beekman Iron Company was an incorporated manufacturing association, and Conklin and Hewett were their agents to sell the productions of the furnace of the company. In September, 1835, the corporation, by those agents, contracted to sell to the complainant 600 tons of pig iron No. 1, made at the Beekman furnace, to be delivered at Albany, one half in 1836 and the other half in 1837, and to be paid for at the rate of $32 a ton, in the endorsed notes of the complainant, payable on the first of May succeeding the year of delivery. And the complainant had the privilege of increasing the quantity to 500 tons instead of 300, in each year, upon giving notice to the defendants of his election to do so by the first of August in each year, which notice was given accordingly. The

contract was reduced to writing and signed by the complainant and by Conklin and Hewett respectively; the part of the written agreement delivered to the complainant, commencing thus—" We hereby agree to sell," &c. and being signed by them as agents for the Beekman Iron Company. Under this contract the corporation, by its agents, in the course of the year 1836, delivered to the complainant 900,683 pounds of pig iron, equal to 402 t. 1 cwt. 3 qrs. 7 lbs. gross weight, or a little more than 450 tons, estimating each ton at the rate of 2000 pounds avoirdupois, according to the revised statutes; and in 1837 they delivered 445 t. 8 cwt. 1 qr. and 10 lbs., or a little short of 499 statute tons. In the course of the two years they received of the complainant endorsed notes amounting to $34,400, or the price of 950 tons of iron, at the rate of $32 per ton, as specified in the contract. And the controversy between the parties was whether, under the contract, the Beekman Iron Company were to deliver 1000 tons gross weight, or that number of statute tons, at $32 per ton. In addition to this, the complainant claimed that 30 tons of the iron delivered was of an inferior quality to that mentioned in the contract, and worth at least 25 per cent less.

The bill alleged that the written contract was intended to be made between the complainant and the corporation, by its agents. But that by mistake the contract was so drawn that, as the complainant was advised and believed, it was a contract between him and the defendants Conklin and Hewett as principals. In relation to the intention of the parties, whether the tons were to be estimated as gross weight, or at the rate of 2000 pounds to the ton, according to the statute, the bill alleged that although the complainant was now informed of the provisions of the revised statutes on the subject, it had been the uniform and invariable practice and usage of all dealers in iron to estimate the same by gross weight, at the rate of 2240 pounds to the ton; that the complainant had been extensively engaged in castings since the revised statutes went into ef-

1841.

Many
v.
Beekman Iron
Company.

fect, and had made large purchases of iron, and had bargained therefor by the ton without specifying the number of pounds of which the ton was to consist, and that he had always received it by gross weight under such contracts; that previous to making this agreement, Conklin` and Hewett, as agents of the Beekman Iron Company, had contracted with the firm of Many & Ward, whose successor in business the complainant was, for the delivery of iron by the ton, and that such contracts had always been performed by the delivery of 2240 pounds of iron for each ton contracted for; that the corporation, by its agents, had been in the habit of contracting for the sale of iron by the ton generally, and that such contracts had uniformly been carried into effect by the delivery of the iron at gross weight; and that at the time when the contract now in question was made, it was understood and intended by the complainant, and by Conklin and Hewett as agents of the corporation, that the iron specified in the agreement was to be delivered at gross weight, according to the uniform and well established usage of all persons dealing in the article of iron. The complainant therefore prayed that Conklin and Hewett might answer and discover whether they were not the authorized agents of the company, and whether as such agents they did not make such contract with the complainant, and whether, at the time of making such contract, it was not understood and intended that the contract should be made between him and the corporation, and that the iron to be delivered under the contract should be estimated at gross weight; and whether it had not been the invariable practice of the corporation and its agents to sell iron at gross weight, estimating 2240 pounds for a ton, &c. And he further prayed that the written contract might be reformed by the decree of this court, so as to make it conform to the original understanding and intention of the parties, by making the corporation one of the contracting parties, instead of the defendants Conklin and Hewett; and by inserting a provision therein that the iron contracted to be delivered shall be estimated at the gross weight of 2240

1841.

Many
v.
Beekman Iron
Company.

pounds to the ton ; and that the Beekman Iron Company might be decreed specifically to perform the contract, as thus reformed, by delivering the residue of the iron necessary to make up the 1000 tons, or that they should pay the difference in value, and for general relief.

*Ira Harris & M. T. Reynolds*, for the complainant. The contract for the sale of the iron was made upon the understanding, that the sale was to be by gross weight. We ask the court to make the contract as the parties intended it should be, and as they would have made it had they understood the legal meaning of the term *ton.* A mistake in an instrument will be corrected, whether it be a mistake of law or fact. There is no real distinction between mistakes of law and of fact. (1 *Story's Com. Eq.* 128, 164. 1 *Peters' R.* 13. 18 *Wendell*, 422.) But this may be said to be a mistake of fact ; a mistake as to the number of pounds contained in a ton. The parties contracted for a certain quantity of iron, so many pounds ; they did not think of tons. Ignorance of the meaning of a word, is not ignorance of law. Conklin and Hewett were proper parties. Being legally principals in the contract, they were necessary parties. (10 *Wendall*, 90. 13 *John. Rep.* 307. 1 *Paige*, 37. *Id.* 219.)

*S. Stevens*, for the defendants. Conklin and Hewett are improper parties. They made the contract with the complainant as agents of the company. They are not officers of the company, and therefore do not come within the statute authorizing officers to be made co-defendants with the company. The mistake here charged in the bill was a mistake in law. It was a mistake as to the weight of a legal ton. No case for relief is stated against any of the defendants. The parties contracted to buy and sell so many tons of iron. And the statute fixed the weight of the tons. (1 *R. S.* 611, 608, § 18.) There was no express agreement to buy or sell by gross weight. The mistake was one of law only, against which there can be no relief. (1 *Story's Com. P.* 129, § 115.)

THE CHANCELLOR. The contract in this case is not under seal, and I think as it is signed by Conklin and Hewett as agents for the corporation, it might be declared on, in an action at law, as the agreement of the Beekman Iron Company made and signed by the agents of the corporation. (*Story on Agency*, 143, § 154. *Evans* v. *Wells & Spring*, 22 *Wend. Rep.* 325.) It was not necessary, therefore, to come here to reform the contract in that respect.

The objection taken by the demurrer of Conklin and Hewett, that they are mere witnesses and ought not to be made parties, might perhaps have been held valid if their demurrer had been merely as to the relief prayed against them. But a demurrer cannot be sustained in part. And as this is a general demurrer to the discovery as well as to relief, it must be overruled if the bill is properly filed against the corporation for which they acted as the agents in making the contract with the complainant. The case of the officers or agents of a corporation forms an exception to the general rule that a mere witness, who has no personal interest in the subject of the suit, cannot be made a party. It is the settled law both in this country and in England, that in a bill against a corporation for relief, its officers and agents, who are cognizant of the facts to which it relates, may be made defendants for the purpose of obtaining an answer on oath; which cannot be obtained in any other way. (*Story's Eq. Pl.* 201, § 235. 1 *Paige's Rep.* 37, 219. 5 *Price's Rep.* 491.) The decision of Sir John Leach in the case of *How* v. *Best & Hase*, (5 *Mad. Rep.* 19,) is perfectly reconcileable with the uniform current of decisions on this subject. In that case an officer of the Bank of England was made defendant for the purpose of discovery as to the time when certain stocks were transferred on the books of the bank; and his demurrer was allowed. It is evident, however, that the bill in that case was not filed against the bank; but against another party, as to whom it became material for the complainant to ascertain the time of the transfer of stocks transferible at the bank. And as the corporation itself could not, in such

a case, be made a party to the suit, the bank having no interest in the controversy, its officer was of course a mere witness and did not come within the exception to the general rule. In cases coming within the exception it is not necessary to aver, in the bill, that the knowledge of the facts sought is confined to the officer or agent of the company who is made a party, for the purpose of getting an answer on oath which cannot be obtained in any other way. It is sufficient if it appears that the facts charged are material to the relief sought against the corporation, and are known to the officer or agent who is made a defendant for the purpose of the discovery ; especially where the discovery sought relates to transactions with him as such officer or agent.

There is no foundation for the objection that the bill is multifarious. The whole cause of complaint arises out of one transaction and could not be split up into separate suits. And a prayer for relief against the agents of the corporation, which was improper if the complainant was not entitled to relief as to them, did not render the bill multifarious, or authorize a general demurrer both as to the discovery and the relief. To render a bill multifarious it must contain two or more good grounds of suit, which cannot properly be joined in the same bill, against the same defendant or different defendants. For if a good cause of complaint is joined in the bill with other allegations which could not entitle the complainant to file a bill against the defendants, or either of them, such allegations are simply impertinent ; or afford grounds for demurrer to that part of the bill for want of equity. So where relief is prayed against the officers of a corporation, who are properly made defendants with the corporation for the purpose of the discovery, where the case made by the bill does not entitle the complainant to ask relief against them, such prayer does not authorize either such officers or the corporation to demur to the whole bill as multifarious. But such officers or agents may, if they think proper, answer as to the discovery sought, and demur as to the claim for relief against them ;

or they may answer the whole bill in the usual manner, and insist upon the objection at the hearing ; and claim that the complainant's bill as to them should be dismissed with costs. (*Varick* v. *Smith & The Attorney General*, 5 *Paige's Rep.* 160. *McIntyre* v. *The Trustees of Union College*, 6 *Idem*, 239.)

Upon the merits of the case I have also arrived at the conclusion that the demurrers are not well taken. The statute has prescribed what shall constitute a ton. And although the original 18th section of the title of the revised statutes relative to weights and measures, (1 *R. S.* 609,) does not probably apply to this case, I am inclined to think the 35th section of that title, which declares that the hundred weight shall consist of one hundred pounds averdupois, and twenty such hundreds shall constitute a ton, would preclude the complainant, in a suit at law upon this written contract, from showing that the parties intended to contract for the delivery of the iron at the gross weight of 2240 pounds to the ton. Usage and custom may be given in evidence in a great variety of cases, for the purpose of giving a different meaning to the language of a contract from that which the words used by the parties would bear in their ordinary or primary sense. But where a positive statute has declared the meaning or legal signification of a word, in reference to its use in contracts generally, I am not aware of any case in which a court of law has gone so far as to receive parol evidence to explain a written contract, expressed in the language of the statute, by showing that the statutory term in that particular contract meant something else than that which the legislature had declared should be its meaning. The complainant would therefore find it difficult if not impossible to recover upon this contract, in a court of law, for the neglect of the defendants to deliver the number of tons of iron mentioned therein at gross weight. But if the allegations in the bill are true, there cannot be a doubt that both parties intended to contract for the one thousand tons of pig iron at gross weight; as the corporation and its agents had been in the

habit of selling its iron ; and at the rate of $32 for every 2240 pounds. It is therefore a proper case for the interference of this court, to reform the written contract in such a manner as to make it express upon its face the actual agreement which both parties intended to make. The demurrers, therefore, must be overruled, with costs to be paid by the defendants respectively.

As the defendants have answered a part of the bill, denying combination, the complainant must now except to their answers for insufficiency, if he wishes for a further answer ; which I presume he does as to Conklin and Hewett who are made parties for the sake of discovery. (*Story's Eq. Pl.* 535, *note* 2. *Kuypers* v. *The Reformed Dutch Church*, 6 *Paige's Rep.* 576.) He must, therefore, have thirty days to file his exceptions to both or either of the answers, as he shall be advised. And if he excepts to the answer of Conklin and Hewett, they must put in their further answers to the exceptions within thirty days after the service of such exceptions, and pay the costs on their demurrer, or he may have an attachment against them to compel a further answer. In case he does not wish any further answer from the corporation, he must file his replication to the answer already put in within the thirty days allowed for excepting. And if he excepts to that answer for insufficiency, the corporation must answer the exceptions and pay the costs on its demurrer within thirty days thereafter, or the bill must be taken as confessed against the company.