## MASTERS and others *v.* THE ROSSIE LEAD MINING COMPANY and others.

Where the charter of a corporation permits its creditors to sue the stockholders "in any court having cognizance thereof," a suit may be commenced in equity.

Creditors who filed a bill against such a corporation, and thereby obtained a discovery of the names of the stockholders, then exhibited a supplemental bill against the stockholders. *Held*, that the proceeding was proper, and that creditors might sue the corporation and the stockholders conjointly in equity.

A creditor of a corporation may proceed against it by bill, as well as by petition, under the thirty-sixth section of the revised statutes relative to proceedings against corporations in equity.

The usual judgment creditor's bill, is a sufficient form of proceeding under that section; although the party filing it will not thereby obtain any preference over other creditors.

The charter made the stockholders jointly and severally liable for the debts of the corporation, on the return of an execution at law unsatisfied against the latter. *Held*, that creditors might enforce the liability without awaiting the issue of a decree.

Where in such a case several stockholders were proceeded against in equity, the decree subjected them all to the debt; with leave to apply to enforce contribution among themselves.

Officers of a corporation who are made parties to a bill for the purposes of discovery, are in respect of their costs deemed a part of the corporation. *Semble.*

But when the discovery thereby obtained is used to charge such officers personally in a supplementary proceeding, they will be allowed the costs of their answer.

Albany, Dec. 17, 1844; January 20, 1845.

The complainants in October, 1840, recovered a judgment in the Supreme Court, against The Rossie Lead Mining Company, a corporation created by an act of the legislature in 1837, for powder sold to the company at various dates in the year 1839. Upon this judgment an execution was issued to the county of St. Lawrence, which was returned unsatisfied.

On the 5th of May, 1841, they exhibited their bill in this court, against the corporation and several of its officers, in the usual form of a judgment creditor's bill founded on the return of an execution ; asking for a discovery of the stockholders, and that they should pay the debt, if it were not collected from the corporation.

The corporation put in an answer, as did Mr. Judson who was its secretary, in which the names of a large number of stockholders were given ; amongst whom was Judson himself.

In July, 1841, the complainants filed a supplemental bill against the stockholders, setting forth the original debt, the judgment and execution, and the original bill, and charging that the corporation had no property or effects; and praying that the stockholders should be decreed to pay the judgment and costs.

Several of the defendants put in separate answers. Some of them denied that they were stockholders. It was also alleged by some of the answers, that the complainants remedy was at law, that the corporation and the stockholders could not be joined as defendants in the same suit, and that the supplemental bill was multifarious.

The cause came to a hearing on the pleadings and proofs, as to the defendants who answered, and on the bill taken as confessed against the other defendants.

*S. Stevens,* for the complainants.

*M. T. Reynolds,* for the defendant Taylor.

*A. Taber,* for McCullough, Raynor and others.

*J. Edwards,* for D. C. Judson.

THE ASSISTANT VICE-CHANCELLOR.—The original bill was correctly filed against the corporation. (2 R. S. 463, § 36.) The proceeding under that section may be by bill, as well as by petition.

The case of *Morgan* v. *The New York and Albany Rail Road Company*, before the Chancellor in May, 1843, referred to by the defendants,(a) decided that creditors of an insolvent corporation would not obtain a preference by filing the usual judgment creditor's bill; not that such a bill could not be filed. On the contrary, that case shows that the ordinary judgment creditor's bill is a sufficient proceeding under the 36th section of the statute relative to proceedings against corporations in equity.

I have no doubt that the liability of the stockholders of The Rossie Lead Mining Company, to the payment of the debts of that corporation, may be enforced in equity. The charter permits creditors to sue them "in any court having cognizance thereof;" and the revised statutes expressly give cognizance of such suits, to this court. (2 R. S. 464, 465, § 43, 44, 45.)

Another objection is urged, that the supplemental bill cannot be maintained to enforce this liability. Also that it cannot be enforced conjointly with a suit against the corporation, because the remedy against the latter must be exhausted, before going against the stockholders.

The reason assigned, holds good in respect of the remedy at law only, which was exhausted before filing the original bill. See section 10, of the charter of this corporation. (Laws of 1837, ch. 396.) To dispose of the objection last mentioned, the 46th section of the article of the revised statutes relative to these proceedings, pre-supposes that the corporation is to be joined with the stockholders, officers, &c., in a suit under section 45th. The receivers there authorized, are receivers of the corporation, not of the individual parties sought to be charged.

In the case of *Mann, Receiver of the Catskill and Canajoharie Rail Road Company* v. *Pentz*, (January 13th, 1845.)(a)

(a) Now reported, 10 Paige, 290.
(b) Reported, *ante* page 257.

I held that the 42d and subsequent sections of the article of the revised statutes relative to these proceedings against corporations, applied to the suits instituted under the 36th section of that article, as well as to those under section 39th.

If I were right in that conclusion, there is no difficulty here, because the 43d section enables the creditor to make the stockholders parties to the bill, either on filing it, or subsequently. And where the stockholders were only ascertained by the bill itself, as was the case here, they can properly be made parties by a supplemental bill alone. An amendment of the original bill, for that purpose, would be incongruous.

Assuming however, that the 43d section is not applicable; the same reason for a supplemental bill exists in a proceeding under section 45th. The creditor having exhausted his legal remedy, came into this court to compel payment of his debt. He sued the corporation in the first instance, and apprehending that remedy would be ineffectual, he sought a discovery of the parties who by the statute, were personally liable for his debt. These parties were liable, irrespective of the result of his suit against the corporation in this court. Having ascertained who they were, I think it was competent for him to enforce that liability by a supplemental bill. The proceeding adds parties who are primarily liable to the demand shown by the original bill, and who were unknown when it was filed. (Lube's Eq. Pl. by Wheeler, 136, note 1, chap. 16, § 1.)

This course was pursued in *Judson* v. *The Rossie Galena Company*, 9 Paige, 598, and received the tacit approbation of the court in that case.

I do not think that the remedy under this charter, against the stockholders, is to await the result of the decree mentioned in sections 48, 49 and 50, of the article before cited. The liability is several, as well as joint; is for the whole of the debts, and not restricted to the amount of stock owned by the party; and it is absolute, upon the return of an execution at law against the corporation, unsatisfied.

The defendant, Judson, claims the costs of his answer to the original bill. He was made a party as the secretary of the corporation, in aid of the discovery sought, and it appears by his

answer that he is a stockolder also, against whom the complainants are entitled to a decree for their debt and costs. The latter circumstance is not so material to the point, inasmuch as there are many other parties liable with him.

The jurisdiction is well settled, to make the officers of a corporation parties in this court for the purposes of discovery; and it is my impression that in such cases, they are deemed a part of the corporation in respect of their costs. (See *Dummer* v. *The Corporation of Chippenham,* 14 Ves. 245; *Glascott* v. *The Governor and Company of the Copper Miners of England,* 5 Lond. Jur. R. 264; *McIntyre* v. *Trustees of Union College,* 6 Paige, 239; *Many* v. *The Beekman Iron Company,* 9 Paige, 188.)

In this case, the complainants did not apply to Judson, before filing their bill; and for this cause, as well as the fact that the discovery is a part of the complainant's proceeding to enforce his debt, I will direct them to pay the costs of Judson's answer, and include them in their general bill against the defendants.

There is a small fund in the hands of the receiver, to which all the creditors of the corporation are equally entitled. The complainants can receive only their proportion of this fund.

They are entitled to a decree against the defendants for their debt (exclusive of the costs at law,) with interest and the costs of this suit. There will be a reference to ascertain what portion of the fund in the hands of the receiver, equitably belongs to the complainants, and they may pay their costs at law out of such portion. The residue of their debt, interest and costs, to be specified in the master's report, may be collected by execution against all of the defendants who were served with process.

And the decree may provide for an application by the defendants to enforce contribution among themselves.