## Taylor, Shelby & Co. *vs.* Williams.

Case 4.

APPEAL FROM FAYETTE CIRCUIT.

PET. EQ

1. An officer of a corporation, when contracting as agent of the corporation, and in that character within the scope of his authority, is not individually bound It is the act of the corporation (*Pentz vs. Stanton*, 10 *Wendell*, 271; 5 *Wheaton*, 326; *Story on Agency*, 115; 2 *Alabama Rep. N. S*, 71r; 9 *Paige*, 168; 22 *Wend..* 25.)

2. Corporations necessarily act through agents, and they are bound by their acts, done within the scope of their authority, and their character is designated.

[The facts of the case are stated in the opinion of the court.—REP.]

TAYLOR, &c.
vs.
WILLIAMS.

*Hanson & Woolley* for appellants—

1. The general rule is that the holder of a bill of exchange is not bound to give notice of protest where the drawer had no funds in the hands of the drawee. (1 *Wheaton's Selwyn*, 332.) There are exceptions, as where the drawer has reasonable expectations of having funds in the hands of the drawee; as where shipments have been made to him. (*Story on Bills*, 367, *note* 2; *Holcomb's Leading Cases*, 332; 2 *Marshall*, 152.)

2. Is the drawer individually liable, or is the corporation? There is no intimation on the face of the bill that the drawer is to be charged as agent. The order is positive to pay, and no intimation that any one else is to be charged but the drawer. In *Tash vs. Robert*, 1 *B. Monroe*, 204, this court said that annexing the word "trustee" to the signature did not relieve the person signing from personal responsibility. 9 *Coke*, 94, contains the same principle, where it was held that the addition of the word "executor" did not relieve the party signing from personal responsibility. (See also 2 *Bibb*, 398; 3 *Marshall*, 259; 7 *Mon.*, 359; *Story on Bills*, 146; *Paley on Agency*, 295.)

3. This bill is clearly a bill of exchange, without condition. No character of agent is designated on the face of the bill, which the law requires to be done plainly. 3 *B. Mon.*, 57, and 13 *Ib.*, 213, are not analogous to this case.

4. The act of incorporation gives the power to issue bills of exchange. It is well settled that if the agent attempt the exercise of a power that the principal cannot confer, it becomes the act of the agent individually. (*Story on Agency*, 264; *Paley on Agency*. 304.) Corporations have no power to issue bills of exchange, unless necessary for trade, &c. (*Kent's Commentaries*, 399; *Angel on Corporations*, 99.) The bill in this case does not purport to be the act of "The Grand Division of the Sons of Temperance of the State of Kentucky." The corporate name is not used. There is no word attached to the signa-

ture, qualifying it. The act of incorporation designates no agent by whom it may contract. G. W. Williams is not named in the act as the representative of the corporation. G. W. P. has not a distinct and certain meaning. George W. Williams, therefore, is individually bound. (*Angel on Corporations*, 305.)

*Harrison & Hunt*, and *John Rodman* for appellee—

Argued—1. That there had been no proper demand made upon the drawee, and notice thereof to the drawer.

2. That the drawer was not personally responsible; that in drawing the order he acted as "Grand Worthy Patriarch of the Grand Division of the Sons of Temperance," as was indicated by the letters G. W. P. affixed to his signature, and its attestation by the grand scribe with the initials of his official character also annexed. And it showed, on its face, that it was for compensation for the New Era newspaper, ordered by the grand division of the sons of temperance to be sent to certain officers called general deputy grand worthy patriarchs. All these facts show conclusively that the order was drawn as an officer of the sons of temperance, and not as an individual, and as a duty, to discharge a debt due by the corporation to the drawee, and drawn upon the treasurer of the corporation, who it was expected had funds to meet it. This meets the argument of the appellant, that the drawing the order was personally binding on Williams.

The acts of corporate bodies, through their agents, in giving out evidences of their indebtedness, imposes no personal liability on such agents. (*Farmers and Mechanics Bank vs. Troy City Bank*, 1 *Doug. Mich. Reports*, 457; *Hensey vs. White Pigeon Co.*, *Ib.*, 193; *Mann vs. Chandler*, 9 *Mass.*, 335; *Hunter vs. Miller*, 6 *B. Monroe*, 625; *Carson vs. Lucas*, 13 *Ib.*, 213 ) In *Farmers and Mechanics Bank vs. Troy City Bank*, supra, it was held that a bill of exchange directed to

"A B , cashier of F. & M. Bank," and "accepted, A B, cashier," is drawn upon and accepted by the bank and not the cashier individually.

3. The authority of a corporation to draw a bill of exchange is disputed. (*Angel & Ames, sec.* 111, *note* 4 ) It is said that "corporations have power to make all contracts that are necessary, in the usual course of the business they transact, as means of making them to effect the objects of their institution, unless expressly prohibited by law." Certainly this corporation could contract a debt, and as certainly give an order on their treasurer to pay it; and the order is sufficient evidence of the indebtedness of the corporation. The court will regard every fact as proved, necessary to sustain the judgment in the absence of any bill of exceptions. And parol proof was admissible to sustain the defense set up in the answer. (*Wetumpka and Coosa Railroad Co. vs. Bingham,* 5 *Alabama Rep.,* 657 ; *Kean vs. Davis,* 1 *New Jersy Reports,* 683 ; *Owings vs. Grubbs,* 6 *J. J. Marshall,* 31 ; *Webb vs. Burke,* 5 *B. Monroe,* 51.) It is competent to explain, by parol, incomplete or abreviated terms and technical and local characters and language. (1 *Greenleaf's Evidence, secs.* 280–282 )

4. If appellee was ever personally liable he is discharged by failure to make a proper demand and notice to him of the dishonor of the bill. If he had not funds in the hands of the drawee it was incumbent on the appellant to show that fact, when the appellee might have shown that he had been guilty of no deception, by showing that he had a right to anticipate an acceptance and payment. (*Story on Bills, sections* 367–369.)

December 8.    Judge Simpson delivered the opinion of the court:

This action was brought against George W. Williams as drawer, on an order drawn as follows, viz:

"$320.                    Feb. 12th, 1855.

"Thos. B. Posey, Tr. Grand Division of Kentucky, ' pay to the order of A. W. Elder three hundred and

' twenty dollars, in full of copies of Ky. New Era or-
' dered to be sent General D. G. W. Patriarchs at Jan.
' session of G. Division.

'GEO. W. WILLIAMS, G. W. P.

'Attest: L. Hord, G. S.''

The defendant, in his answer, alledged that he drew the order sued on as the presiding officer of the grand division of the sons of temperance for the state of Kentucky, and that it was drawn by him as grand worthy patriarch of said grand division, which was signified by the letters G. W. P. annexed to his signature; that it was drawn upon the grand treasurer of said grand division, and was attested by L. Hord, the grand scribe of said grand division, which was signified by the letters G. S. annexed to his signature; and that the consideration of said order was that expressed upon its face, "in full for copies of New Era ordered to be sent to general deputy grand worthy patriarcl s. at the January session of grand division." He also alledged that said grand division was a body corporate, and that said order was drawn in conformity to the rules and regulations of the grand division under its act of incorporation, and was not drawn by the defendant in his individual or personal, but in his official character, as grand worthy patriarch of the grand division of the sons of temperance; and was an official draft by the proper officer of said corporate body, on the treasurer thereof, to pay out of the treasury a debt contracted to be paid in conformity with the rules and regulations of said corporation.

The answer was demurred to by the plaintiffs, and the demurrer overruled. By the consent of the parties the law and facts were submitted to the court, and a judgment rendered for the defendant, from which the plaintiffs have appealed.

As there is no bill of exceptions to show the evidence that was used upon the trial, the only questions which we have to consider arise upon the answer of the defendant.

The first and most important question to be decided is with respect to the individual liability of the defendant, upon the facts stated in his answer.

By an act of the legislature, passed in 1847, (*ses. acts* 1846–7, *page* 120,) a body politic was created, by the name and style of 'The Grand Division of Sons of Temperance of Ky.," and by that name were made capable, in law, to contract and be contracted with, and were empowered to make and ordain such regulations and by-laws for their government, not in contravention of the laws of the state or of the United States, as they might deem proper.

According to the statements of the defendant's answer he was the person who, under the rules and regulations adopted by the corporation, was authorized, as its presiding officer, to draw on its treasurer for the payment of its debts.

1. An officer of a corporation when contracting as agent of the corporation, and in that character, within the scope of his authority, is not individually bound; it is the act of the corporation (*Pentz vs. Stanton*, 10 *Wend.*, 271; 5 *Wheat.*, 326; *Story on Agency*, 155; 2 *Ala. Rep.*, N S., 718; 9 *Paige*, 188; 22 *Wend.*, 325.)

The doctrine is well established that in a case like the present, if it can upon the whole instrument be collected that it was intended to bind the principal, and not to bind the agent, courts of justice will adopt that construction of it, however informally it may be expressed. (*Pentz vs. Stanton*, 10 *Wend. R.*, 271; *Mechanics Bank of Alexandria vs. Bank of Columbia*, 5 *Wheat. Reports*, 326; *Story on Agency, section* 155.)

Thus, where the agent of a corporation drew a bill of exchange upon the president of the corporation, styling him such, and the latter accepted the bill, it was held that he was not personally liable if he had authority as president to accept the bill; but the corporation was alone liable. (*Lazarus vs. Shearer*, 2 *Ala. Rep.*, 718, N. S.)

So where the agents of a corporation, being duly authorized, made a written contract as follows: "We hereby agree to sell. &c." and signed it as agents of the corporation, it was held that they were not personally bound thereby, but the corporation was. (*Marcy vs. Buckman Iron Co.*, 9 *Paige Reports*, 188; *Evans vs. Wells*, 22 *Wend. Rep.*, 325.)

As corporations have to make contracts by their agents, they are bound wherever they are acting in the scope of the legitimate purposes of their institution, by the contracts which are made by their authorized agents, all of which contracts are regarded as the express contracts of the corporation ; and in such cases the agent is not liable, unless he expressly makes himself so by the terms of the contract, or fails to express his agency in the body of the instrument which he executes, or to make known the capacity in which he is acting when he enters into the contract.

The writing sued on in this case contains on its face clear and explicit indications that it was drawn by the defendant as the agent of the corporation. It was drawn on the treasurer of, and purported on its face to have been drawn to pay a debt incurred by, the corporation, under an order made at its preceding January session; was attested by the grand scribe, and subscribed by the defendant as the grand worthy patriarch of the grand division, which was signified by the letters G. W. P. We are not prepared to decide that the signature of the defendant, in the form it was made, accompanied only with the initials above mentioned, would of itself have been sufficient to indicate the nature and character of the instrument. But the fact that it was drawn to pay a debt due by the corporation, and upon its treasurer, and was attested by one of its officers, all of which appeared upon the face of the writing, taken in conjunction with the manner in which the defendant's name was subscribed to it, furnished satisfactory evidence that it was a contract of the corporation, and not the individual contract of the defendant.

The corporation had power, under its charter, in the exercise of its legitimate business, to execute such a writing as the one sued on. And as it must be assumed, from the statements in the answer of the defendant, that he was authorized to execute it

TAYLOR &c.
vs.
WILLIAMS.

2. Corporations necessarily act through agents, and they are bound by their acts, done within the scope of their authority; and their character is designated.

as the agent of the corporation, it follows that he was not personally liable for the demand.

Wherefore, the judgment is affirmed.