# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## WELLS v. SEWELL'S POINT GUANO CO. ET ALS.

### March 9th, 1893.

1. MULTIFARIOUSNESS—*Definition—Demurrer.*—It is well settled that a bill is demurrable in which are united several distinct rights, each sufficient, as stated, to sustain a bill against one defendant, or in which there is a demand of several matters, distinct in their nature, against several defendants, who are unconnected in interest and liability; and the defect may be availed of by demurrer.

2. IDEM—*Case at bar.*—Where bill is filed (1) against one defendant, for specific performance of a contract; (2) in default of this, to obtain a decree against other defendants, for damages for breach of warranty; (3) against some of the defendants last referred to, for damages for false representations in regard to the title; (4) against one of the defendants last referred to, for breach of his promises to save plaintiff harmless in case the defendant referred to in first clause refused specific performance; (5) for a receiver; (6) for a decree against one of the defendants for payment of his subscription to the stock of the defendant company; (7) to have the assets of the company administered for the benefit of its creditors.

HELD:

 To say nothing of the demand for damages and for administration of the assets, as not constituting good grounds for a suit in equity, there remained several other demands against several other defendants which cannot be properly joined in the same suit. The bill is multifarious, and was rightly dismissed on demurrer.

Appeal from decree of circuit court of city of Norfolk, rendered June 21, 1890, in a suit in equity, commenced in the circuit court of Norfolk county, and afterwards removed to the first-mentioned court, wherein Sarah J. Wells was plaintiff and the Sewell's Point Guano Company and others were defendants. Opinion states the case.

*Burroughs & Bro.*, for appellant.

*Walke & Old*, for appellee.

LEWIS, P., delivered the opinion of the court.

The case, as made by the original and amended bills, is substantially this:

That George P. Gordon owned a tract of land in Norfolk county, which, at his death, in 1879, descended to his daughter, Mary A. Gordon, subject to the dower of the widow, Lenore M. Gordon, who afterwards intermarried with the defendant, H. D. Van Wyck. The latter, in 1881, claiming to act as the agent of his wife (formerly Mrs. Gordon) and Miss Mary A. Gordon, contracted to sell the land to J. J. Kane and Albert Edwards, and on the 31st of May, 1882, a general warranty deed, purporting on its face to be the deed of Van Wyck and wife and of Miss Gordon, but which was not signed or executed by the latter, was made to Kane and Edwards for the land, which deed was duly recorded. On the same day the purchasers gave their bond for five thousand dollars, payable to Van Wyck and wife and Miss Gordon, for the purchase-money, and executed a deed of trust on the land to secure the same. The land was purchased for the purpose of erecting thereon a guano factory, and about the same time a charter was obtained for a corporation to conduct the business of manufacturing guano from fish. Of this corporation Kane and Edwards and Van Wyck, as alleged, were stockholders and directors. And on the same day the deed from Van Wyck and wife, above mentioned, was executed, Kane and Edwards conveyed the land to the Sewell's Point Guano Company.

Some time afterwards Mrs. Sarah J. Wells, the plaintiff below, loaned the company $5,500, and, as security therefor,

took from the company a deed of trust on the land and on all the personal property of the company. She alleges that when the loan was made she was assured, both by Kane and Van Wyck, that the title to the land was good, subject to the deed of trust first above mentioned, and that, relying upon these representations, she made the loan, without having the title examined. She also alleges that Van Wyck knew at the time the representations were false, and that he afterwards promised to have the title perfected by a sufficient conveyance from Miss Gordon, or, failing in that, that he would save her (the plaintiff) harmless on account of the defect in the title; none of which promises, it is alleged, have been fulfilled. It is also alleged that the company is insolvent, and that Van Wyck is the owner of twenty-five shares of its stock, upon which he has paid nothing.

The defendants to the bill are the Guano Company, Van Wyck and wife, Mary A. Gordon, Kane and Edwards, and others.

Mary A. Gordon answered, denying that Van Wyck was authorized to convey her interest in the land, and averring that she had conveyed it to another party. Van Wyck and wife answered, and also demurred, the grounds of demurrer being also stated in their answers.

On the 30th of March, 1887, the circuit court overruled the demurrers, and ordered an account; but expressly reserved on the face of the decree the consideration of all the defenses set up in the answers of Van Wyck and wife. An account and a number of depositions were afterwards taken, and when the cause came on to be heard, on the 21st of June, 1890, the bills were dismissed; and thereupon the plaintiff obtained an appeal from one of the judges of this court.

It is clear that the bills were rightly dismissed, on the ground of multifariousness. Their real object, as the appellees insist, was—

1. To obtain a decree against Mary A. Gordon for *the specific performance* of a contract alleged to have been made by her agent, Van Wyck, with Kane and Edwards.

2. In default of this, to obtain a decree against Van Wyck and wife, the Guano Company, and Kane and Edwards, for *damages* for alleged breaches of warranty contained in the several deeds above mentioned.

3. To obtain a decree for *damages* against Van Wyck and Kane, for certain alleged false representations in regard to the title of the land conveyed by those deeds.

4. To obtain a decree for *damages* against Van Wyck, for a breach of certain alleged promises on his part to save the plaintiff harmless in case Mary A. Gordon refused to complete the title to the land.

5. To obtain a decree for the appointment of a receiver.

6. To obtain a decree against Van Wyck for the payment of his alleged subscription for twenty-five shares of the stock of the Guano Company. And

7. To have the assets of the company administered for the benefit of its creditors.

It is well settled, as was decided in *Dunn* v. *Dunn*, 26 Gratt. 291, that the defense of multifariousness may be made by demurrer, or, if not thus made, that the objection may be taken by the court at the hearing *sua sponte ;* so that there is nothing in the point made by the appellant that, after the overruling of the demurrers by the decree of March 30th, 1887, objection on the ground of multifariousness could not be taken.

The case in other respects is not distinguishable in principle from *Washington City Savings Bank* v. *Thornton*, 83 Va. 157—that is to say, there is here, as there was in that case, a demand of several matters, distinct in their nature, against several defendants, who are unconnected in interest and liability. For, if the demand for damages be laid out of the case,

as not constituting good ground for a suit in equity, still there remains the demand against Mary A. Gordon for specific performance, and that against Van Wyck for payment of his alleged subscription, to say nothing of the prayer for an administration of the assets of the Guano Company, which causes of suit cannot be properly joined in the same bill. *Many* v. *Beekman Iron Co.*, 9 Paige 188; Adams Eq. 310.

The decree must therefore be affirmed.

DECREE AFFIRMED.