## CAREY & AL.

*v.*

## COFFEE-STEMMING MACH. CO. & AL.

(*Supreme Court of Appeals of Virginia, Dec. 22, 1894.*)

[20 S. E. Rep. 778.]

**Suit against Corporation—Stockholders as Plaintiffs—Sufficiency of Bill.**

A bill against a corporation and its directors alleged fraud in obtaining the stock subscriptions of the plaintiffs and failure to comply with the corporate charter, stated that plaintiffs' stock had been issued to them and fully paid for, and asked a return of money so paid: *held,* that the bill was not demurrable on the ground that plaintiffs sued as stockholders and not as stockholders at the same time.

**Same—Same—Same—Multifariousness.**

A bill by a number of stockholders against a corporation, alleging fraud in obtaining subscriptions, etc., is not multifarious because each complainant sets forth a different claim.

**Same—Same—Equity Jurisdiction—Fraud.**

Equity has jurisdiction where the relief asked for involves accounts, commissioners, questions of fraud, and cancellation of subscription to stock of a corporation.

Appeal from circuit court, Bedford county; Dupuy, Judge.

Bill by John B. Carey and others against the Coffee-Stemming Machine Company and others to cancel subscriptions to the capital stock of defendant corporation because of fraud, etc. A demurrer to the bill was sustained, and plaintiffs appeal. Reversed.

*Goggin & Rucker,* for appellants.

*M. P. Burks,* for appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The petition of John B. Carey, H. M. Turner, H. T. Patterson, T. S. Bolling, Ida F. Bolling, executrix of W. H. Bolling, deceased, and Minnie C. Nichols represents that they were aggrieved by a decree of the circuit court of Bedford county, pronounced on the 21st day of June, 1892, in a cause pending in said court wherein they are complainants, and the Coffee-Stemming Machine Company and others, the directors of said company, are defendants. The bill of complainants sets forth the incorporation of the defendant company ; the purposes of its creation ; the subscription to the stock of the said company by the petitioners, and the payment of their said subscription money, the misrepresentations by the said company, its officers and agents, as to the capacity, efficiency, and success of the machine proposed to be manufactured ; the failure of said company to fulfil its charter conditions in respect to the minimum capital prescribed by their said charter ; and the misapplication of the funds arising from said subscriptions to other purposes than those contemplated and authorized by the said charter,—all of which said acts and delinquencies the bill charges as violative of and in fraud of the rights of complainants, and as breaches of trust, confidence, and good faith.    The bill further charges that the defendant company is insolvent, and prays for all necessary and proper accounts, and, if the assets of the said defendant company should prove insufficient to reimburse or return to complainants each the sum of money, with interest thereon, by them respectively subscribed and paid in, as alleged, then and in that event that the said individual directors defendants be decreed to pay the same, or any deficiency shown by said accounts in the assets of the said defendant company.    The said defendants, at the May term of the said circuit court, filed their joint demurrer and answer to the said bill ; and upon the hearing the said demurrer was sustained, and the bill of complainants was dismissed.

The merits of the case are not involved in this appeal. All investigation or proof of the case made and charged in the bill was cut off by the demurrer, which admits the truth of the facts charged, but avers that, though true, they are not such as entitle the complainants to the relief they ask in equity. The bill is demurred to generally. No ground for demurrer is specified; but the circuit court sustained the demurrer, and dismissed the bill, with costs. In the brief of appellees it is set out that grounds of demurrer are misjoinder, multifariousness, and want of jurisdiction in equity.

It is argued that the complainants sued as shareholders and as nonshareholders. Their bill shows, in the beginning, that they are shareholders, and can be nothing else. They became such by the act of the company in accepting their money for their respective subscriptions, and in issuing to them certificates of stock when the subscriptions were fully paid up. It appears by the record that the appellants paid up their respective subscriptions in full, to the aggregate amount of 75 shares,—$4,625,—for which they received certificates of shares of capital stock, and became stockholders in said corporate company. Their bill sets out these facts, showing that they are stockholders, and they sue in that character; the only character they could assume, under the facts set forth in their bill and admitted by the demurrer. The relief they ask for is what shareholders only can ask for, and what they are entitled to have upon proof of the charges. Their statement of facts shows conclusively that they are shareholders, and as such seek redress for wrongs. This ground for demurrer was wrongfully sustained.

Multifariousness is charged because demurrants claim that each complainant sets forth a claim independent of the others. This ground of demurrer is untenable. In every

1 Va Dec—55

corporate company 'the shareholders' claims are distinct in the individual, but common in the remedy, and in the party from whom redress is sought. In the bill there is a community, a unity running through all the interests and putting them on one string. The interest of each is that of all. They have a common wrong, by a common wrongdoer, and a common remedy. Their claims are not diverse, resting on different grounds, nor to be righted by diverse remedies. If the facts stated in the bill are multifarious, and justify the dismissal of the bill, then there can be no relief in equity by two or more stockholders against directors for misconduct, nor against the company, even though they be subscribers to the common stock of the same company, and hold their evidence of ownership from a common seal, and though their subscription moneys have passed into a common treasury, and constitute one fund ; and they have a common interest in the questions to be determined in the suit, constituting them members of one class, having a common interest centering in the point at issue. See Lord Cottenham in Campbell v. Mackay, 1 Mylne & C. 603 ; Blanton v. Fertilizing Co., 77 Va. 335 ; Alexander v. Alexander, 85 Va. 353, 7 S. E. 335 ; Lock Co. v. Hockaday (Va.) 16 S. E. 877 ; 1 Pom. § 269 ; Judge Staples in Segar v. Parrish, 20 Gratt. 672 ; Almond v. Wilson, 75 Va. 613.

Want of jurisdiction in equity is argued to sustain the demurrer and the dismissal of the bill. Common law does not afford a plain, complete, and adequate remedy in this case presented by the bill, nor is such a cause and issue to be tried by a jury. It involves accounts, commissioners' reports, and questions of law and equity. Fraud is charged; and the bill presents such a case as is specially and peculiarly within the jurisdiction of a court of equity. Much law and numerous authorities are cited ; but the face of the pleadings shows that the demurrer should have been overruled, and the cause proceeded in to a decision on its merits.

The circuit court of Bedford county erred in sustaining the demurrer, and in dismissing the bill, with costs ; and the decree appealed from is erroneous, and the same is reversed and annulled ; and the case will be remanded for trial on the merits of the case made in complainants' bill.

LACY, J., absent.