## Richmond.

STAUDE AND OTHERS v. KECK AND OTHERS.

FEBRUARY 6, 1896.

1. MULTIFARIOUSNESS—*Antagonistic Interests Among Complainants—Case at Bar.*—In dealing with the question of multifariousness, courts of equity look particularly to the question of convenience in the administration of justice. If this can be accomplished in the mode adopted without such injury to one or more of the parties as to render it inequitable to accomplish the general convenience at his expense, the bill will not be declared multifarious. But a bill to set aside, as fraudulent, a deed made by a husband to his wife, which shows that the interests of the complainants are antagonistic to each other, and prays relief not only against the husband and wife, but against another defendant as to matters not connected with the supposed fraud, and to settle the rights of the complainants amongst themselves, cannot be said to be a convenient way for all concerned to attain the end aimed at, and is multifarious, and should be dismissed on demurrer.

Appeal from a decree of the Chancery Court of the city of Richmond, pronounced November 15, 1892, in a suit in chancery, wherein the appellants were the complainants, and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*F. M. Conner*, for the appellants.

*Edmund Waddill, Jr.*, for the appellees.

CARDWELL, J., delivered the opinion of the court.

This is an appeal from a decree of the Chancery Court of

the city of Richmond, entered on the 15th of November, 1892, dismissing on demurrer the bill of complaint filed by the appellant, for multifariousness.

The bill was filed by A. J. Staude and Caroline C. Staude, his wife, and E. G. Schwalm and Mary C. Schwalm, his wife, against Henry J. Keck and Maria Keck, his wife, and J. B. Elam, trustee; the object of the bill being to set aside, as fraudulent, a deed made by H. J. Keck to his wife, Maria Keck, August 24, 1891, conveying to her certain property, and to subject this property to the payment of the debts against H. J. Keck set out in the bill, and further to have the court adjudicate the rights of the complainants respectively as to the various debts and demands asserted in the bill, declaring an apparent trust in J. B. Elam for plaintiff, Mary R. Schwalm, void.

The bill alleges that complainants, on the 10th of August, 1891, entered into a written contract, through A. J. Staude, with Henry J. Keck, whereby Keck agreed to purchase, at the price of $3,400, a certain house and lot in the city of Richmond, on Rocketts street, and to purchase certain bar fixtures, &c., at the price of $600; that the house and lot belonged at that time, one moiety to Mary R. Schwalm, and the other moiety was held in trust by J. B. Elam for Caroline C. Staude; that the bar fixtures, &c., belonged exclusively to A. J. Staude, he being authorized by Caroline C. Staude and Mary R. Schwalm to make the sale of the house and lot; and that on the 18th of August, 1891, the deed was duly executed conveying the property to Keck; that Keck agreed to pay $3,000 in cash on the purchase of the house, but paid only $2,850, which he borrowed from the Virginia Building and Loan Company, giving a deed of trust on this property to secure the Building and Loan Company $3,000, the company promising to advance the remaining $150 within a few months to finish the cash payment, but never

did so; that H. J. Keck executed another deed of trust, as a second lien on this property, to S. Mc. Fisher, to secure the payment of six notes of $111 each, dated August 10, 1891, payable at 6, 12, 18, 24, 30, and 36 months after date, respectively; that four of these notes were given as the deferred payments for the purchase of the house and lot, and the other two on account of the $600 due to A. J. Staude for the purchase of the bar fixtures, &c.; that all of said notes were made payable to J. B. Elam, trustee for Caroline C. Staude and Mary R. Schwalm, and this was erroneous, but was done for convenience.

The bill further alleges that J. B. Elam is not trustee for Mary R. Schwalm; that two of the notes were past due and unpaid, and the other four to become due; that Keck had failed to pay any part of the balance of the $400 due to A. J. Staude for the purchase of the bar fixtures, though long past due, and that the amount to become due by H. J. Keck, or to become due on account of his contract of purchase, was $150, balance of the cash payment for the house, the six notes for $111 each, and the $400 balance due to A. J. Staude.

The bill then alleges that H. J. Keck, on the 10th of August, 1891, at the time of the making of the contract of purchase aforesaid, owned in fee simple a lot of land in the county of Henrico, situated on Twenty-sixth street, upon which he had erected a dwelling and other improvements, and which property he, on the 24th of August, 1891, conveyed to his wife, Maria Keck, the consideration named in the deed being $250; but, as complainants aver, the deed was wholly voluntary, and made to hinder, delay, and defraud complainants.

The prayers of the bill are that H. J. Keck and Maria Keck, his wife, and J. B. Elam, trustee, be made parties defendant, &c.; that it be ascertained what part of said notes

Opinion.                     ·

described is due to each of the female complainants, and to
the said A. J. Staude, and whether or not Caroline C. Staude
is entitled to her share of the same freed from any trust by
reason of the conveyance to J. B. Elam, trustee, as also of
her share of the $150, balance of the cash payment of the
purchase money for the property on Rocketts street conveyed
to Keck; that it may be decreed that Mary R. Schwalm is
entitled to her share of the money and notes, and not
encumbered with a trust; and that the amounts severally due
to them, and to A. J. Staude, as set forth, may be decreed to
them respectively; and that the property conveyed to Maria
Keck by H. J. Keck be subjected to the payment thereof, &c.

Courts, in dealing with the question of multifariousness,
look particularly to convenience in the administration of
justice, and, if this is accomplished by the mode of proceeding
adopted, the objection of multifariousness will not lie, unless
the course pursued is so injurious to one party as to make it
inequitable to accomplish the general convenience at his
expense. So that, when we look to see if a bill is multifa-
rious, the first question to be determined is, does the bill pro-
pose to reach the end aimed at in a convenient way for all
concerned? And if the mode adopted does accomplish the
convenience, then the question arises, is any one hurt by it,
or so injured as to make it unjust for the suit to be main-
tained in that form? *School Board of Albemarle Co.* v.
*Farish et als., ante,* p. 156.

The plaintiffs were creditors of H. J. Keck, growing out of
the same transaction, and it was their right and duty to
assert their several claims in one suit, and Mrs. Maria Keck
was a necessary and proper party defendant to the suit, as
the alleged fraudulent deed made to her was asked to be set
aside, and the property conveyed thereby subjected to plain-
tiffs' demands. Had the bill set out the claims of the several
plaintiffs against H. J. Keck, and the making of the alleged

fraudulent deed of August 24, 1891, followed with the prayer that the deed be set aside as fraudulent and void, and the property conveyed thereby subjected to the payment of claims asserted by plaintiffs, and stopped there, the bill would, of course, have been free from objection on demurrer for multifariousness. It goes on, however, to show that plaintiffs' interests are antagonistic to each other, makes J. B. Elam, trustee, a party defendant, and prays for relief not only as to Keck and wife, but in matters set out as against one another, and against Elam, trustee, with which H. J. Keck has little concern, and Maria Keck, his wife, less. This mode of procedure cannot be said to be a convenient way for all concerned to reach the end aimed at, but is manifestly unjust, certainly to Maria Keck, who it cannot be said has any interest whatever in, or concern as to, the different rights set up by plaintiffs against each other, or as against Elam, trustee, the settlement of which would involve not only inconvenience and delay in the determination of the controversy between her and the plaintiffs, but add necessarily and unjustly to the costs in defending her interests involved in the suit. In order to maintain this bill, the rules of equity pleading would not only have to be expanded and enlarged, but wholly disregarded. 1 Barton's Ch'y Prac. 256; Daniel's Ch'y Prac. (5th ed.), 334, and note 2; Story's Eq. Pl., secs. 271 and 530; *Washington City Savings Bank* v. *Thornton*, 83 Va. 157, 165; *Wells* v. *Sewell Point Guano Co., &c.*, 89 Va. 708; *Brown* v. *Bedford City Land & Imp. Co.*, 91 Va. 31.

We are of opinion that the decree of the Chancery Court of the city of Richmond is right, and should be affirmed.

*Affirmed.*