ELIZABETH A. W. BROWN *vs.* NEBRASKA B. TILLEY *et al.*

NEWPORT—JANUARY 22, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Equity Pleading. Multifariousness.*

The rule against multifariousness is based upon the convenience of parties, and will not be applied where the circumstances of the case make a combination of causes of action or a joinder of parties more convenient for them than a separation would be; and if the mode adopted does accomplish the end of convenience it will be followed unless a party in interest is so injured by it as to make it unjust for the suit to be maintained in that form.

(2) *Deeds. Conditions Subsequent. Covenants.*

A. and B., his wife, conveyed certain estates by deeds containing the provision "this deed is upon the following agreements and conditions, upon the breach of which, or of any of which, this grantor A. or his wife, B., or his or their heirs, executors or administrators, shall have the right to re-enter and take possession of any and of all of the herein granted premises, and thereupon all title conveyed hereunder shall cease and be at an end; viz.: that the said (grantees) shall each, and their several and respective heirs, executors, administrators and assigns shall each well and truly pay the said A. and B. during their joint lives, and to the survivor of them during the life of such survivor, the sum of     ." A. deceased. The estates, by various conveyances, came into the possession of the respondents. This bill was brought by B., the widow of A., to enforce the payment by the present holders of these parcels of land of the annuities provided for in the several deeds, against such holders and the administrator and heirs at law of A. On demurrer:—

*Held,* that, while the court will incline to interpret equivocal language as a covenant rather than a condition, here the deeds by apt and technical words created conditions subsequent and provided for forfeiture and re-entry upon breach.

*Held,* further, that, as among the prayers for relief the complainant sought to be revested of her dower, which she was entitled to, the bill would be sustained upon this ground.

BILL IN EQUITY seeking relief set forth in opinion. Heard on demurrer to bill, and demurrer overruled.

DOUGLAS, J. From the statements of this bill it appears that Joshua C. Brown, late of the city of Newport, on the 30th day of September, 1893, being seized and possessed in fee of certain parcels of real estate in Newport, which are described in the bill and designated as lots 1, 2, 3, 4, and 5, for the purpose of making provision for the care and maintenance of himself and his wife during their joint and several lives, and for the further purpose of making a disposition of his said property during his life, in lieu of testamentary devise thereof, among his heirs at law, conveyed the same to his four daughters, his wife joining in the deeds in release of dower. Lots 2, 3, and 5 he conveyed to Nebraska B. Tilley and Nevada B. Tilley, who subsequently reconveyed lot 3 to him, and whose interest in lots 2 and 5, subject to a mortgage made by them to Joshua C. Brown, is now held by the defendant David Patt, who purchased the same at execution sale. The deed of these lots re-

cites: "In consideration of one dollar and other good and valuable considerations to me paid, and of the conditions hereinafter contained," and contains the further provision:

"This deed is upon the following agreements and conditions, upon the breach of which or of any of which, this grantor Joshua C. Brown, or his wife, Elizabeth A. W. Brown (a party to this deed), or his or their heirs, executors, or administrators shall have the right to re-enter and take possession of any and of all of the herein granted premises, and thereupon all title conveyed hereunder shall cease and be at an end; viz.: that no intoxicating liquor shall ever be sold on any of the said granted premises; that the said Nebraska B. Tilley and Nevada B. Tilley shall each, and their several and respective heirs, executors, administrators and assigns shall each well and truly pay to the said Joshua C. Brown and Elizabeth A. W. Brown, his wife, during their joint lives, and to the survivor of them during the life of such survivor, the sum of one hundred and fifty dollars yearly and each year, in equal quarterly payments, commencing on the first day of October next after the date of this deed (viz., the said Nebraska one hundred and fifty dollars, and the said Nevada one hundred and fifty dollars). That the said grantees and their heirs, executors and assigns shall keep good and sufficient insurance upon the dwelling house on the first described parcel of land in at least the sum of two thousand dollars, and shall (in case for any reason because of fire or otherwise the said dwelling house shall become unsuitable or unfit for occupation by the said Joshua C. Brown or Elizabeth A. W. Brown) forthwith provide a suitable and equal tenement for occupation by the said Joshua C. Brown and Elizabeth A. W. Brown, during their lives and during the life of the survivor, and said insurance policy shall be held to secure the same."

Lot 4 was conveyed to California Chase. She and her husband conveyed it to Abram A. Tilley who mortgaged the same to her subject to the conditions of her deed, and she assigned this mortgage to Joshua C. Brown and Elizabeth A. W. Brown as collateral security for the payment by her and her heirs, executors, administrators, and assigns, to them and the survivor

of them, of one hundred and fifty dollars per year. But on the same day that this mortgage was assigned, Joshua C. Brown and Elizabeth A. W. Brown released lot 4 from any lien, obligation, or condition to make such payment, and from all liability for any past or future breach thereof.

California Chase died January 15, 1899, leaving two minor children.

Abram A. Tilley died March 8, leaving a will which devised this parcel to his wife, Nebraska B. Tilley, who seems to hold the same free of the original conditions.

Lot 1 was conveyed to Esmeralda Brown, who still holds the same.

The deeds of lots 4 and 1 contained similar conditions to those we have quoted from the deed of lots 2, 3, and 5, but reserving different amounts.

Joshua C. Brown died intestate on the 20th day of July, 1901.

This bill is brought by his widow to enforce the payment, by the present holders of these parcels of land, of the annuities provided for in the several deeds aforesaid; and the administrator and all the heirs at law of Joshua C. Brown, as well as the present owners of said parcels and the administrators of deceased heirs, are made parties defendant thereto. The only parties who have answered are the infant children of California Chase (who died January 15, 1899), who by guardian *ad litem* submit their rights to the care of the court. On September 29, 1902, a decree *pro confesso* was entered against all the other defendants except David Patt, who on September 15, 1902, filed a demurrer to the bill, and the demurrer is now before us.

It alleges that the bill is multifarious, and that the case stated does not entitle the complainant to the relief she prays for.

If we were bound to apply the rules against multifariousness with absolute strictness, we think the first ground would be tenable. In *Droste* v. *Hall* (N. J.), 29 Atl. Rep. 437, a bill in equity was filed by a widow to compel assignment of dower in several parcels of land which had been conveyed by her husband to different purchasers. It was held that, as each parcel was separately liable for dower, the bill was multifarious.

These claims involve the different owners to the different parcels of land described, and the claim which the complainant makes, that she ought to have a lien upon these parcels to secure payments specified in the several deeds, may be controverted by the heirs of the grantor, who may claim that it is their exclusive right to enter for condition broken. So that the claim upon lots 2 and 5 involves the complainant, and David Patt, and all the heirs of Joshua C. Brown.

The claim upon lot 1 involves the complainant, and Esmeralda Brown, and the other heirs of Joshua C. Brown. In this claim David Patt has no interest.

It is not certain from the recitals of the bill that any claim is made upon lot 4, as it appears that the condition of the deed to California Chase was released; but if any issue is made it lies between the complainant and Nebraska B. Tilley, executrix and legatee of Abram B. Tilley, as successor in title to California Chase, and the other heirs of Joshua C. Brown. In this claim David Patt has no interest.

It thus appears that two (or three) distinct rights of action against different parties are embraced in this bill. But it may be urged against this view of the case that there is one question raised by the pleadings in which all parties are interested, viz., the construction of the language of the condition in the deeds.

The language in all is the same, with the exception of the amounts reserved. One adjudication will be decisive of all these interests. If different bills had been brought against the several present owners of the parcels conveyed, and in each bill all the heirs of Joshua C. Brown had been made defendants, as they must have been, the proceedings would have been unnecessarily cumbersome and expensive. The court would have either heard all the cases together, or required the parties to abide the event of the first one heard, and no advantage would accrue to any party to the litigation. The defendant Patt objects that he is not concerned in the claims against Esmeralda Brown and the heirs of California Chase, but these parties are heirs of Joshua C. Brown and are proper parties to the suit against him, and it cannot inconvenience him if in the same

proceeding obligations of these other parties to the complainant are settled.

(1)    It has been held that a bill is not multifarious where complainants have a common interest as to the point at issue, though their claims are in a sense distinct. *Ball* v. *Ball*, 20 R. I. 520; 14 Ency.. Pl. & Pr. 201, citing *Randle* v. *Boyd*, 73 Ala. 282; *Thomas* v. *Mason*, 8 Gill. Md. 1; *Carey* v. *Coffee Stemming Machine Co.*, 20 S. E. Rep. 778.

The rule against multifariousness is a rule based upon the convenience of the parties, and the courts have refused to apply it where the circumstances of the case make a combination of causes of action or a joinder of parties more convenient for them than a separation would be. It is said in *County School Board* v. *Farish*, 92 Va. 156: "Courts in dealing with the question look particularly to convenience in the administration of justice; and if this is accomplished the objection of multifariousness will not lie unless the course so pursued is so injurious to one party as to make it inequitable to accomplish the general convenience at his expense. So when we look to see if a bill is multifarious the first question to be determined is, does the bill propose to reach the end arrived at in a convenient way for all concerned? And if the mode adopted does accomplish the end of convenience then the question arises, is anyone hurt by it or so injured as to make it unjust for the suit to be maintained in that form?" See also *Chafee* v. *Quidnick Co.*, 13 R. I. 442, 444; *Staude* v. *Keck*, 92 Va. 544; Sto. Eq. Pl. §· 539; *Alexander* v. *Alexander*, 85 Va. 353, 364; *Lehigh Valley R. R. Co.·* v. *McFarlan*, 31 N. J. Eq. 730, 758; *Turner* v. *Am. Bap. Miss. Union*, 5 McLean (U. S.) 344; *Hayes* v. *Dayton*, 8 Fed. Rep. 702; *Wade* v. *Pulsifer*, 54 Vt. 45, 70; *United States* v. *Union Pacific R. R. Co.*, 98 U. S. 569, 604.

In considering the liability to confusion of evidence upon issues involving the different defendants referred to in *Alexander* v. *Alexander, supra*, it must be noted that all the other owners of the lots sought to be charged have made default and the bill stands confessed as against them, so that the present

defendant is the only party who can now raise any question of fact in the case.

We conclude, therefore, that this objection must be overruled.

The next ground of demurrer is that the complainant has not stated such a cause of action as entitles her to the relief prayed for.

(2)     It is argued by the defendant that the complainant has no lien upon the land for her annuity; and by the complainant that the words in question may be construed as a covenant and not a condition, and hence the land stands charged with the annuities.

While the proposition is well supported by authority that in aid of the manifest intention of a deed the courts will incline to interpret equivocal language as a covenant rather than a condition, we cannot apply it here without ignoring the language which the grantor has chosen to employ.

The clauses in question by apt and technical words create conditions subsequent and provide for forfeiture and re-entry upon breach of any of them. *Ecroyd* v. *Coggeshall*, 21 R. I. 5. It does not follow, however, that the complainant is not entitled to relief. These conditions, being expressed in the deed, are binding upon the defendant who takes title under it with full notice. The estate which he bought is a conditional one, and if he breaks the conditions and the grantor's heirs choose to enforce the penalty, he forfeits the estate unless he shows grounds for equitable relief. *Hogeboom* v. *Hall,* 24 Wend. 148. And we see no reason why Nebraska B. Tilley and Nevada B. Tilley may not join with the other heirs of Joshua C. Brown in enforcing the forfeiture, for it cannot be held that the possibility of reverter upon breach of condition is an attachable interest in land or was extinguished by execution sale.

The bill contains several alternative prayers for relief; amongst others that the complainant may be revested of her dower therein, and the said dower set off to her in the manner provided by law. So much she is clearly entitled to. Her release of dower was as much subject to the conditions of the deed as was the conveyance by her husband of the fee; and

whatever her right may be to a lien by virtue of his conveyance, her right to have her release declared void is plain.

This consideration is enough to support the equity of the bill, and the demurrer must be overruled.

We need not decide at this stage of the case the extent of her rights to relief under the deed. The questions which may recur after this defendant has answered and the case has been fully heard will require much more thorough examination of principles and authorities than the briefs of counsel or their oral arguments have presented, and we reserve them till the final hearing.

*William P. Sheffield, Jr.,* for complainant.
*Cooke & Angell,* for respondents.