## Wytheville.

### HUFF v. THRASH.

July 26.

Absent, *Moncure*, P.

1. Where there are two administrators, their relations *inter se* are fiduciary and they may be held to account, each by the other, in a court of equity touching transactions between themselves connected with the administration of the trust. This equitable jurisdiction extends to cases of account between tenants in common, joint tenants, partners, and by analogy between executors and administrators, who have a joint and entire interest in the effects of the testator or intestate.

2. In all cases in which an action of account would be the proper remedy at law, and in all cases where a trustee is a party, the jurisdiction of a court of equity is undoubted.

3. If in the settlement of a joint administration, one executor or administrator gets credit with the estate for what another is entitled to receive, what he gets or is allowed him he holds as trustee for the latter, and may in equity be required to account for it.

4. To support the objection of multifariousness, because the bill contains different causes of suit against the same person, two things must concur : first, the different grounds of suit must be wholly distinct; secondly, *each ground* must be sufficient as stated to sustain a bill.

Robert Huff, administrator of George Kefauver, deceased, filed his bill in the circuit court of Floyd county at October rules, 1880, against Valentine Thrash, in his own right and as administrator of Peter Guerrant, deceased, for an account of all transactions between himself and George Kefauver in the joint administration of Peter Guerrant's estate, and also of all transactions growing out of said administration

had with Huff the plaintiff, as administrator of Kefauver's estate. To this bill the defendant demurred; the demurrer was sustained and the bill dismissed; whereupon an appeal was obtained from a judge of this court.

*R. E. Penn,* for the appellant.

*A. H. Phlegar,* for the appellee.

BURKS, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Floyd county, dismissing the appellant's bill on demurrer. The only question therefore is, whether the bill is sufficient.

After it was amended by striking out so much as related to the alleged payment by Kefauver to Hartman for certain bonds on Dewes, it stood simply as a bill by the personal representative of one administrator against the surviving co-administrator for an account and settlement of the transactions of the two *inter se* growing out of the joint administration of the estate, and for a personal decree against the defendant for any value ascertained to be owing by him on such accounting and settlement.

There can be no doubt of the jurisdiction of a court of equity in such a case. The relation of the administrators, not only to the estate they had to administer and the parties entitled to it, but also to each other, was fiduciary in its character. They occupied a position of trust and confidence, and in all such cases trustees may be held, each by the other, to account in a court of equity touching transactions between themselves connected with the administration of the trust. The jurisdiction extends to cases of account between tenants in common, between joint-tenants, partners, and, by analogy, between executors and adminis-

trators, who have a joint and entire interest in the effects of the testator or intestate. 1 Story's Eq. § 466; 1 Lomax Executors, 358 (marg. p.).

Speaking of matters of account, Chief Justice Marshall, in *Fowle* v. *Lawrason*, 5 Peters, 495, remarked, that "in all cases in which an action of account would be the proper remedy at law, and in all cases *where a trustee is a party*, the jurisdiction of a court of equity is undoubted. It is the appropriate tribunal." It is upon the principle of trust mainly, that equity takes jurisdiction at the instance of the principal to compel his agent to account. *Simmons* v. *Simmons' Adm'r*, 33 Gratt. 451, 455–6; *Zetelle* v. *Myers*, 19 Gratt. 62; *Coffman* v. *Sangster*, 21 Gratt. 263; *Thornton* v. *Thornton*, 31 Gratt. 212. And if in the settlement of a joint administration, one executor or administrator gets credit with the estate for what another is entitled to receive, what he gets or is allowed him he holds as trustee for the latter and may in equity be required to account for it.

In this view, manifestly the bill as amended is free from any serious objection. It charges, in substance, that the complainant's intestate (Kefauver) and the defendant (Thrash) qualified as administrators of the estate of Guerrant, and after conducting the administration jointly for about four years, Kefauver died, no settlement of the administration accounts with the estate having been made; that since Kefauver's death, Thrash had made partial settlement, showing his standing with the creditors and distributees of the estate, which settlements are not impeached by the bill, but that Thrash is largely indebted to the complainant as administrator of Kefauver on account of the administration, and as evidence of the indebtedness an account is incorporated in the bill, supported, as alleged, by the books of Thrash.

It also charges that the complainant as administrator had been induced by the representations of Thrash to pay him several sums of money to which he was not entitled—

one of which payments was made in consequence of a mutual mistake of the complainant and Thrash, or by reason of a fraud perpetrated upon the complainant by Thrash. It makes Thrash a party defendant in his own right and also as administrator of Guerrant, and the prayer is for an account of all transactions between Thrash and Kefauver in the joint administration of Guerrant's estate, and of all transactions between Thrash as administrator of Guerrant and complainant as administrator of Kefauver, growing out of the administration of Guerrant's estate, and for a personal decree against Thrash for whatever may be found due from him on the account.

The only objection to which the bill is liable, is that Thrash is made defendant in his own right and also as administrator, and it is argued that for this reason it is multifarious. But the objection goes rather to matter of form than substance. There could not possibly be a decree on this bill against the defendant affecting Guerrant's estate. The case stated relates wholly to the accounts between Guerrant's administrators, and to the transactions between the complainant and the defendant in their fiduciary capacity. The bill seeks no relief against Guerrant's estate, and, fairly construed, there is not an allegation or prayer in it that looks in that direction. The whole scope and object of the bill is to hold Thrash to account personally to the complainant as administrator for what is due the estate he represents on the fiduciary transactions. There was no necessity of making Thrash a party strictly in his character of administrator. It was irregular to do so, as the only decree asked and the only one the matter of the bill warrants is of a personal nature. The pleader was doubtless led into the error by supposing that, as the relief sought grew out of the administration of the estate, the defendant should be before the court in his character of administrator; but as only a personal decree was desired, or indeed could be made, it was proper to make him defend-

ant only in his own right.   It is, however, a mere irregularity, not fatal on demurrer.   Thrash is the only defendant, and as no decree can go against him as administrator, and as Guerrant's estate cannot be affected by any decree in the cause, the bill is sufficient upon the case stated as against Thrash in his own right.

"To support the objection of multifariousness," says Story, "because the bill contains different causes of suit against the same person, two things must concur: first, the different grounds of suit must be wholly distinct; secondly, *each ground* must be sufficient as stated to sustain a bill." Story's Eq. Plead. § 271b.   In this case, though Thrash is made defendant as administrator, the ground of suit stated in the bill is not sufficient to sustain a bill against him in that character, though it is sufficient to sustain a bill against him in his own right for a personal liability incurred in a fiduciary capacity.

Nor is there a misjoinder, nor is the bill made multifarious, by uniting as matters for relief transactions between Kefauver and Thrash as administrators of Guerrant with transactions between the complainant as administrator of Kefauver and Thrash as administrator of Guerrant, connected with or growing out of the joint administration of Guerrant's estate.   As to both matters, the recovery, if had, would be for the benefit of Kefauver's estate, and the rule is, even at law, that where the money recovered will be assets, the executor or administrator may sue for it in his representative character.   1 Lomax Ex'ors, 316 (marg. p.); 3 Rob. Prac. (New Ed.), 251.

The decree of the circuit court will be reversed, the demurrer to the bill as amended overruled, and the cause remanded, with liberty to the defendant to answer or plead to the bill, if so advised, and for further proceedings in order to final decree.

DECREE REVERSED AND CAUSE REMANDED.