# Richmond.

## HILL'S ADM'R v. HILL & ALS.

### November 28, 1884.

PRACTICE IN CHANCERY—*Multifariousness.*—A bill is usually deemed multi·
farious for containing different causes of suit against same persons when
these two things concur, to-wit: the different causes must be wholly
distinct; and each cause must be sufficient as stated to sustain a bill.
*Huff* v. *Thrash*, 75 Va. 550. But there is no general rule applicable to
all cases. *Segar* v. *Parish*, 20 Gratt. 679. And where the causes, though
distinct, are not absolutely independent of each other, and it will be
more convenient to dispose of them in one suit, the objection for multi-
fariousness will not prevail. *Almond* v. *Wilson*, 75 Va. 623.

Appeal from decree of circuit court of Culpeper county en-
tered 8th June, 1881, in the chancery cause of Henry Hill, as
administrator of Henry Hill, deceased, and in his own right,
against Edward B. Hill and wife in their own right, and said
Edward B. Hill, as executor of Thomas Hill, deceased, and as
trustee of the complainant, Henry Hill, and others.

Thomas Hill, grandfather of the complainant, and father of
the defendant, E. B. Hill, died testate, in 1857, leaving his large
real and personal estate to be equally divided between his chil-
dren, John W., Edward B., Frances E., Ambrose Powell, and
Lucy R. Hill, after the payment of a specific legacy of $1,000,
to his granddaughter, Sarah M. Simms. His son, Edward B.
Hill, qualified as his executor. He settled his executorial ac-
counts in 1860, showing a large balance in his hands due ·the
estate. He made no settlement afterwards.

Statement—Argument.

By power of attorney, dated 26th November, 1857, he was authorized by the other legatees to sell and convey the real estate, and to pay over the proceeds to those thereto entitled. He, it is charged, sold two farms and a number of lots before the war, part of the proceeds whereof were divided out. He also, as executor, collected a large amount of personal assets, for which he is much in arrear. And it is also charged that, by deed dated June 25th, 1875, under said power of attorney, he sold and conveyed to Adonijah Shipe, of the firm of Shipe, Cloud & Co., parts of the testator's real estate, wherein said devisees were interested, in consideration of a debt due said firm from the insolvent firm of Hill, Burdett & Co., whereof said E. B. Hill was a member. The legatee, Frances E. Hill, married Henry Hill, and both died after 1857, leaving two children, one of whom, Henry, qualified as his father's administrator, and is the complainant in this suit, which was instituted April 4th, 1881. The bill makes Edward B. Hill, Adonijah Shipe, and his firm, and all persons interested in the estate of Thomas Hill, deceased, parties, and asks for settlement of the accounts of Edward B. Hill, as executor of Thomas Hill, deceased, and as trustee of his co-devisees as aforesaid, and for annulment of his conveyance to Shipe, and for an injunction to his further acting as such trustee, and for general relief. A demurrer was filed to the bill on the ground of multifariousness, and was sustained, and the bill was dismissed. From such decree Henry Hill, administrator, &c., obtained an appeal to this court.

*John F. Rixey, W. W. Henry*, for the appellants.

*J. G. & W. W. Field*, for the appellees.

The bill of the plaintiff is clearly multifarious. E. B. Hill is sued in his character of executor of Thomas Hill, deceased, and also in his character as trustee under the deed from Henry

Hill and others of the 26th November, 1857. The third paragraph of the bill charges a *devastavit* by the said Hill as executor as aforesaid, and the prayer of the bill is for the settlement of his executorial accounts. The fourth paragraph of the bill charges a breach of trust on the part of said Hill, under the deed of the 26th November, 1857, and a fraud committed by him and Adonijah Shipe, and the prayer of the bill is to set aside the deed of Hill, trustee, to said Shipe, and to restrain and enjoin the said Hill from exercising any further power under the said deed of trust.

Here there are two distinct grounds for equitable relief having no connection whatever with each other, and both entirely sufficient to sustain the equity jurisdiction. Not only are distinct matters having no connection with each other, sought to be litigated in the bill, but parties are made defendants who have no interest whatever in some of the matters litigated, so that on every ground the bill was multifarious.

The demurrer was properly sustained and the bill dismissed. See 1 vol. Barton's Ch'y Practice, pages 254-7; *Dunn* v. *Dunn,* 26 Gratt. 291; *Huff* v. *Thrash,* 75 Va. 546, and the authorities cited.

The plaintiff, having united in the bill distinct causes of action, and having united defendants not at all interested in each of the causes, had no right to elect at the hearing against which defendants he would proceed, or upon which cause of action.

The decree sustaining the demurrer and dismissing the bill was proper and should be affirmed.

HINTON, J., delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Culpeper county, dismissing the bill of the appellant for multifariousness. This bill, which was filed by the plaintiff, Henry Hill, administrator of Henry Hill, deceased, on behalf of him-

self and others, heirs and legatees of Thomas Hill, deceased, recited that a large amount of property, real and personal, was left by Thomas Hill, deceased, by will to his children; that one of the devisees, Edward B. Hill, qualified as his executor, and had settled no account since 1860, at which time he was largely indebted to the estate; that the devisees, living in different parts of the Union, had executed to the said E. B. Hill a power of attorney to sell and convey the several properties to which they were entitled, and to pay over the proceeds thereof to them according to their several and respective interests. It alleged that the said Hill, amongst other misappropriations of the trust funds, had conveyed a portion of the trust property to one Adonijah Shipe, to pay a debt which the broken firm of Hill, Burdett & Co., of which he was a member, owed to Shipe, Cloud & Co., and that the said Shipe had knowledge of and participated in the fraud. It prays that the deed to Shipe may be set aside; that Hill may be restrained from acting further under the power of attorney; that all proper accounts may be taken, among them an account of the transactions of Thomas Hill's executor.

Upon the case thus made, we are of opinion that the demurrer, which was filed by the executor alone, should have been overruled. No doubt a bill will usually be held to be multifarious, because it contains different causes of suit against the same person, when the different grounds of suit are wholly distinct and independent of each other, and each ground is sufficient as stated to sustain a bill. Story's Eq. Plead. 271 C. But notwithstanding this is usually true, we cannot fail to recognize that "the cases," on the subject of what constitutes multifariousness, "are," as was said by Lord Cottenham, in *Campbell* v. *Mackey*, 1 Mylne & Craig, 603, " extremely various, and the court in deciding them seems to have considered what was convenient in the particular circumstances, rather than to have attempted to lay down any absolute rule." To the same effect are the observations of Staples, J., in *Segar* v. *Parish*, 20 Gratt. 679. It would seem, therefore, that where the matters in controversy

are not absolutely independent of each other, although distinct, and it will be more convenient to litigate and dispose of them in one suit, the objection on the ground of multifariousness should not prevail. *Nulton* v. *Isaacs,* 30 Gratt. 738; *Almond* v. *Wilson,* 75 Va. 613; *Kyne* v. *Moore,* 1 Sim. & Stu. 61; Story's Eq. Plead., §§ 534, 535, 536.

In the case in hand, the plaintiff was interested, through his father and mother, in the real and personal estate of Thomas Hill, deceased, which had gone into the control of Edward B. Hill, in one or the other of his capacities. In order to ascertain the rights of the plaintiff in this estate, it was necessary that the accounts of Edward B. Hill, touching all of this property, should be settled; that the advancements made by Thomas Hill in his lifetime, and the payments by the executor, since the death of his testator, should be shown; and in order to ascertain the full amount of that estate, that the property, which was supposed to have been fraudulently conveyed away, should be brought back into the estate. Under these circumstances, as it does not appear that the executor and trustee could possibly have been prejudiced by such a course, it seems to us that the court ought not to have sustained the demurrer. The decree of the circuit court will be reversed, the demurrer to the bill overruled, and the cause remanded, with liberty to the defendants to answer or plead to the bill, if so advised, and for further proceedings in order to final decree.

Decree reversed.