## Richmond.

SADLER AND OTHERS V. WHITEHURST AND OTHERS.

MARCH 17th, 1887.

*Absent*—LEWIS, P.

1. CHANCERY PRACTICE—*Bill—Multifariousness.*—A bill is multifarious which improperly joins distinct and independent matters, thereby confounding them, as, for example, the uniting in one bill of several matters perfectly distinct and unconnected against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill. *Dunn* v. *Dunn*, 26 Gratt. 271.

2. IDEM—*Case at Bar* —A bill is filed by creditors of a partnership dissolved by death of one partner, suing for the creditors of the partnership, the creditors of the deceased partner and the creditors of the surviving partner, against the surviving partner as such and also in his own right, against the widow of the deceased partner as his executrix and also in her own right, and against the children and legatees of the deceased partner, for the purpose of ascertaining the partnership assets, the individual assets of the deceased partner, and the individual assets of the surviving partner, and of subjecting the assets in each case to the payment of the debts of each.

HELD:

The bill is multifarious.

3. IDEM—*Accounts.*—No account should be ordered when the answer denies all the material allegations of the bill and there is no proof to sustain them. It will not be ordered to find proof of those allegations. *Lee Co. Justices* v. *Fulkerson*, 21 Gratt. 182.

Appeal from decrees of chancery court of city of Richmond, pronounced June 5, 1885, July 9, 1885, and July 10, 1885, respectively, in the cause of Whitehurst & Owen v. Sadler & Wright and others. The defendants demurred to

the bill, and the court overruling the same the defendants appealed.   Opinion states the case.

*Sands, Leake & Carter*, for appellants.

*Page & Carter*, for appellees.

FAUNTLEROY, J., delivered the opinion of the court

Whitehurst & Owen, the plaintiffs in this suit, suing, as they say in their bill, for themselves and all other creditors of Sadler & Wright, and for the creditors of the estate of R. S. Sadler, the deceased partner, and the creditors of F. E. Wright, the surviving partner of Sadler & Wright, filed their bill in this suit against F. E. Wright in his own right; against F. E. Wright, as surviving partner of Sadler & Wright; against Sue E. Sadler in her own right, as devisee of R. S. Sadler, deceased; against Sue E. Sadler, as executrix of R. S. Sadler, deceased; and against Virgie W. Sadler and Mattie S. Sadler, as children, devisees, and legatees of Richard S. Sadler, deceased, the two last mentioned being infants.   The object of the bill is to ascertain the partnership assets of Sadler & Wright, and to administer them; to ascertain the individual property of F. E. Wright, the surviving partner, and the individual estate of R. S. Sadler, the deceased partner, and to subject them both to the alleged claim of the complainants against the dissolved firm of Sadler & Wright; and to administer the estate of the decedent, R. S. Sadler, including both his personal and real estate; and with these ends in view, all in the same suit, the bill seeks to convene and combine in one suit the social creditors of Sadler & Wright, the individual creditors of F. E. Wright, the surviving partner, and the individual creditors of R. S. Sadler, the deceased partner, and to call into the same suit the personal representative of R.

S. Sadler, deceased, Sue E. Sadler, and Sue E. Sadler in her own right, as devisee, and the infant children, as devisees and legatees of R. S. Sadler, who are the appellants in this appeal. The bill was demurred to and answered by the infant defendants by their guardian *ad litem*, and was demurred to by Sue E. Sadler in her own right, as insufficient in law. The court overruled the demurrer and answer of the infant defendants, and the demurrer of Sue E. Sadler, and, without giving her a day or opportunity to answer the bill, either for herself, for the estate of her decedent, or to deny that she had ever executed the note exhibited by the bill as in part the basis of the suit, ordered a reference to a master for accounts prayed for in the bill.

The bill is plainly and grossly multifarious, as embodying various separable, distinct, and numerous objects, interests, and parties, and the court erred in overruling the demurrers. 2 Rob. Pr. (old,) 278, 279 ; *Dunn* v. *Dunn*, 26 Gratt. 291 ; *Brinkenhorf* v. *Brown*, 6 Johns. Ch. 157 ; Sand. Eq. 186 ; *Stuart* v. *Coalter*, 4 Rand. 74.

The complainants' alleged claim rests on an open account against the firm of Sadler & Wright, a large part of which is dated, and admitted in the bill as contracted, months after the death of Sadler, the deceased partner. The bill itself alleges that Sadler died January 5, 1884, and yet the account filed as exhibit with the bill shows that much of the account was contracted in February, May, and June, 1884, and is charged against him and the surviving partner as if they were both then living. In addition to this itemized account, there is exhibited with the bill a note signed "Sadler & Wright," dated January 26, 1884, *twenty-one days after Sadler's death*, which the bill says was executed by the surviving partner, F. E. Wright, and Sue E. Sadler before her qualification as executrix of R. S. Sadler, they two, the bill says, *"so operating for the benefit of the old firm and the estate of the said Sadler."* The bill does not allege

that this aforesaid note is all or what part thereof is still due and unpaid. The language of the bill is: "Which note is herewith filed as a part of this bill, marked 'Exhibit W and O, No. 4,' and which is yet unpaid to the extent of $———."

By the error of the court in referring the cause to a commissioner, without giving Mrs. Sadler an opportunity to answer, not alone she, but the infant defendants, whose ancestor is charged by the note, are deprived of the benefit of her denial of the charge made in the bill that she executed this note or contracted the account. The court assumed that these charges made in the bill against their ancestor's estate, and against them as his devisees and legatees, are just and true; and without any evidence to support them against the answer of the infant defendants calling for proof thereof, and of every allegation in the bill, ordered a reference to a master commissioner. The prayer of the bill and the inquiry ordered are directed against the estate of their ancestor, R. S. Sadler, the deceased partner, to satisfy an open account indebtedness which the bill says was contracted months after the death of the said R. S. Sadler, the deceased partner. "The estate of a partner who dies is not liable for partnership debts contracted after the date of the death." Pol. Partn. 88, citing Lindl. Partn. 418. The bill alleges the insolvency of the surviving partner, F. E. Wright, but the court ordered the account and reference to a master without any evidence whatever to prove his insolvency, although the answer of the infant defendants called for the proof.

This order of reference was premature under the ruling of the court in *Lee Co. Justices* v. *Fulkerson*, 21 Gratt. 182. In that case Staples, J., speaking for the court, says: "The answer denying all the material allegations of the bill, and the latter being wholly unsustained, the court ought to have dismissed it at the hearing. This cannot be questioned,

unless it can be maintained that a court of equity may decree an account for the purpose of furnishing evidence in support of a bill. This court has repeatedly decided that an account should not be ordered in any case unless shown to be proper and necessary by the proceedings and proofs in the cause."

The remedy in this case is against the surviving partner at law, and without his proved insolvency the court of equity has no jurisdiction of the bill against him. Yet the complainants come into equity upon a common-law claim, by a bill to convene creditors, without liens, of both a dead man and of living defendants, to administer the dead man's estate, real and personal, to manage a partnership, to settle up all its concerns, and to decree generally *pro* and *con* among all the numerous parties, plaintiffs and defendants, living and dead, social and individual, congruous and incongruous, in their personal or representative capacities. The bill alleges that Wright, the surviving partner, had executed a deed of trust upon his individual property, and yet it does not make the trustee a party to the suit, or the deed of trust an exhibit in the cause. The bill asks for a discovery, and forthwith, before any opportunity is given to answer and disclose, an order of reference to a master commissioner is made. Phillips, an alleged creditor of Sadler & Wright, filed a petition in the cause on the day of the decree for a reference, which was made for him inclusive, without making him a party, and without giving the infant defendants or Mrs. Sadler any opportunity to reply to its statements.

The decrees of the chancery court of Richmond city complained of are wholly erroneous, and must be reversed and annulled, and this court, as the said chancery court ought to have done, will sustain the demurrers to the bill, and order it to be dismissed.

DECREES REVERSED.