## Richmond.

WASHINGTON CITY SAVINGS BANK AND ALS. V. THORNTON
AND ALS.

APRIL 14th, 1887.

1. MULTIFARIOUSNESS—*Definition.*—It is impossible to lay down any rule, applicable to all cases, as to what constitutes multifariousness. It is well settled, however, that a bill is demurrable in which are united several distinct rights, each sufficient, as stated, to sustain a bill against one defendant, or in which there is a demand of several matters, distinct in their nature, against several defendants, who are unconnected in interest and liability.

2. IDEM—*Case at bar.*—Where bill is filed to obtain personal decree against defendant as endorser of notes ; to obtain like decree against him by way of damages for breach of warranty ; to quiet title to part of the land as to other defendants, and to sell same to pay the notes ; and to restrain the defendants from cutting timber on the land—

HELD :

The bill is multifarious.

3. REAL ESTATE—*Warranty of title—Trust deed—Beneficiaries—Case at bar.*—Land (encumbered in favor of third person claiming under grantor,) is conveyed with special warranty, and trust deed is executed by grantee to secure his notes given for purchase money, that are endorsed by grantor to third person. In suit by endorsee on the notes and breach of warranty, it appearing that plaintiff was not entitled to possession of the land, had not been evicted, or kept out of possession by parties in possession under better title, and that warranty of title is not covenant against encumbrances, the plaintiff is not entitled to recover. *Marbury* v. *Thornton*, 82 Va. 702.

Appeal from decree of circuit court of city of Alexandria, rendered January 12th, 1884, in the cause of Washington City Savings Bank and others, complainants, against Joseph

Thornton, Wm. H. Marbury, M. Dulaney Ball, and Thomas Thornton, defendants. On demurrer the circuit court dismissed the bill; and the complainants appealed. Opinion states the case.

*W. W. Willoughby*, for the appellants.

The bill sets out a covenant by defendant, Joseph Thornton, against the claims of all persons claiming the same or any part thereof by, from, under, or through him.

This was Davis, and his *assigns*. Such a covenant runs with the land. 8 Gratt. 395–400; 2 Greenl. Ev., sec. 240; Rawle on Cov. for Title, p. 216, 4th ed.; Spencer's Case, 1 Smith's Leading Cases.

It has heretofore been claimed that the trustees created by the deed of trust made by Davis had a remedy at law for the breach of this covenant. But this has been held otherwise by the circuit court, upon the technical ground that it is necessary to show eviction or its equivalent, and as the trustees did not have the right of possession, there could not be an eviction as to them.

Whether this be right or wrong, it would not prevent the *cestui que trusts* from bringing a suit in equity to enforce their rights.

These *cestui que trusts* certainly have an equitable right in the benefit of the covenant. Otherwise, it would be of no use to make covenants in deed to trustees.

In 7 Cranch 69 it is said: "It is settled in this court that the person for whose benefit a trust is created, who is to be the ultimate receiver of money, may sustain a suit in equity to have it paid directly to himself." See also *Riddle* v. *Mandeville*, 5 Cr. 322: "Every *cestui que trusts* * * is entitled to the aid of a court of equity to avail himself of the benefit of a trust, and the forbearance of the trustees shall not prejudice him."

This would especially be so if the trustees were an insufficient security (*id.*), and this is one of the allegations of the bill in this case.

In *Rodney* v. *Shankland*, 1 Del. ch. 55 (12 Am. Decisions, 72), this principle is fully discussed. Referring to *Lechmere* v. *Carlisle*, 3 P. Wms. 211, and other cases, it is there said : " In these cases the principle seems to be fully established that the party for whose benefit a trust is created may compel the performance, although he may be no party to the contract.   *   *   He is entitled to the aid of a court of equity to avail himself of the benefit of a trust, and the forbearance of the trustees shall not prejudice him."

The right of William H. Davis in the covenant passed by his deed to the trustees for the benefit of these *cestui que trusts*.   See also 8 Wall. 213 ; 2 Story's Eq. § 964.

The breach of the covenant is sufficiently shown.   10 Am. Decisions, 586 S. C., 2 Nott and McCord, 186 ; 3 Am. Decisions, 222 S. C., 4 Mass. 349; 14 Am. Decisions, 53 S. C., 3 Littell, 118 ; 22 Am. Decisions, 777 S. C., 5 Ohio, 154 ; 2d Wait's Act. and Defenses, 381, &c. ; 4 Kent's Com. (12th ed.), p. 479.

The bill also sets forth that in the same deed which contains this covenant, and to which also the covenant applies, there are described other tracts of land besides this Thornton tract, to-wit : " Certain tracts of land described therein as purchased by the said Joseph Thornton from Blencoe, Johnson and others," which are also embraced in the deed of trust, that these are not of record ; that the defendant Marbury claims to be the owner; that, in fact, they were owned by Joseph Thornton, at least that he had the equitable ownership, they having been purchased with his money ; that Thornton and his son are stripping these of timber and thus impairing the security; the Thornton tract being insufficient security, and a discovery is sought

for in relation to this and an injunction is prayed for against such waste.

If such facts do not call for the aid of a court of equity it is difficult to see what is the use of equity courts.

It was urged that we should have brought suit upon the notes against Joseph Thornton, and that not having done so within the period of the statute of limitations, it is an evasion of such statute to pursue any remedy we may have upon the covenant.

It needs no authority to establish the right of a party who has more than one remedy to pursue all the remedies he may have. A *cestui que trust* may sue at law or enforce his trust as he chooses.

He may even pursue both remedies at the same time; and it would be very curious logic to urge that because he may have lost his right to one remedy, *therefore* he has lost his right to the other, and in pursuing such other he "evades" the law which deprives him of the first.

Counsel say that this is an action of covenant which ought to be proscribed at law. Certainly *these* parties, the *cestui que trusts,* who have only an equitable interest in the land to which the covenant applied could not maintain a suit at law.

Now, it cannot reasonably be said that these *cestui que trusts* have not rights growing out of this covenant which ought to be enforced by a court *in some way.*

If there is no way by which they could be enforced by a court of law, then, it is not just the case where we can call for the aid of a court of equity, "insomuch as the complainant has no adequate remedy at law?"

Every right is entitled to a remedy, and if not at law nor in any other court, it must be in equity.

There are two substantial grounds of equity in the bill— one growing out of the breach of covenant as to the Thornton tract; and the other growing out of those facts which

constitute obstacles in the way of enforcing the trust as to the other tracts, and which call for discovery and injunction against waste.

If a bill be demurred to *generally*, as this is, and there be several claims set up in the bill, if *one* is good, the demurrer will be overruled.   3 Rand. 598.

But it was claimed that the bill is multifarious.

In *Gaines* v. *Chew*, 2 How. 619, it is said: "It is impossible to lay down any rule as to multifariousness. The court must exercise a just discretion. It is desirable to avoid a multiplicity of suits, and if there is no liability to injustice, the objection should not prevail."

In 1 Dan. Ch. Pr. 336, it is said: "In order to determine whether a suit is multifarious, or, in other words, containing distinct matters, the inquiry is *not* whether each defendant is connected with every branch of the cause, but whether the plaintiff's bill seeks relief in respect of matters which are in their nature separate and distinct.

"If the object of the suit be single—but it happens that different persons have separate interests in distinct questions which arises out of the single object—it *necessarily* follows that such different persons *must* be brought before the court in order that the suit may conclude the whole subject."

In 15 Am. Dec. 428, in reference to multifariousness, it is said: "The objection does not hold when one general right is claimed by the plaintiff, although the defendants may have separate and distinct rights."   See, also, *Robinson* v. *Smith*, 3 Paige, ch. 222, found in 24 Am. Dec., p. 212; *Huff* v. *Thrash*, 75 Va. 546; *Hill* v. *Hill*, 79 Va. 595; *Segar* v. *Parrish*, 20 Gratt. 679; *Mullin* v. *Isaacs*, 30 Gratt. 737; *Almond* v. *Wilson*, 75 Va. 613; Sto. Eq. Pldg. § 534.

There could, then, be no possible objection to this bill, on the ground of multifariousness, by any of the parties other than Joseph Thornton.

But it may be urged, in behalf of Joseph Thornton, that we are at the same time asking a personal judgment against him, and also asking that inasmuch as a personal judgment would not be effectual for the full amount, we are also asking that for such deficiency we may enfore our rights out of lands embraced *in the same deed* which contains the covenant and to which such covenant applies.

Can anybody explain how this is unjust to Thornton?

It may be said that we cannot enforce a deed of trust in equity and at the same time and in the same case take a personal decree upon the amount of the notes secured by the deed of trust. But this is not because of *multifariousness,* but because one is an equitable remedy, and the other is a legal one. Such a reason has no application to the doctrine of *multifariousness.*

The complainants are pursuing one single object—that is, the collection of their money.

All their claims of right set forth in the bill grow primarily out of *one single instrument,* to-wit: the deed executed by Joseph Thornton, containing the covenants which have been broken. The rights attached to such covenants were in William H. Davis, with whom the covenant was made, and with his assigns. This covenant was one running with the land, and therefore passed to his assigns, who were the trustees in the deed of trust of which we are the *cestui que trusts.*

It is through this deed of trust that our claim is made, but the foundation of all our claims against Joseph Thornton and the other parties is *only one instrument.* Surely it can be no ground of multifariousness that we are seeking *all* the rights we may have growing out of such instrument.

*C. W. Wattles* and *Geo. A. Mushback,* for the appellees

LEWIS, P., delivered the opinion of the court.

In August, 1869, Joseph Thornton and wife and William H. Dulaney, commissioner, sold and conveyed to William H. Davis a certain tract of land in Fairfax county for the sum of one hundred and fifty thousand dollars. Thornton conveyed his interest in the land with a covenant of special warranty. On the same day Davis executed to Thornton his six negotiable notes, aggregating the above mentioned sum, and payable in one, two, three, four, five and six years from their date, respectively. And at the same time he executed a deed of trust on the land to secure their payment. Before their maturity, certain of these notes were indorsed for valuable consideration to the plaintiffs, who are the appellants here.

The plaintiffs set forth these facts in the bill, and averred that the covenant of warranty in the deed from Thornton and *al.* to Davis inured to their benefit. They also averred that the covenant had been broken by reason of a certain incumbrance on the land, in favor of one Thorpe, for a sum exceeding twenty-nine thousand dollars, derived by the said Thorpe through and under the said Thornton, and which was in existence when and before the covenant was entered into. And the prayer of the bill, among other things, was for a personal decree against Thornton on the notes held by the plaintiffs and indorsed by him, and also for the amount of *the damages* sustained by them by reason of the alleged breach of the said covenant.

There was a demurrer to the bill, which was sustained by the decree complained of, and we are of opinion that the decree is plainly right.

In the first place, the position of the appellants in respect to the operation and effect of the identical covenant relied on, is met and disposed of by the decision of this court in *Marbury* v. *Thornton,* 82 Va. That was an action of covenant, brought by the substituted trustees in

the deed of trust by which the purchase-money notes for the land were secured. The plaintiffs contended that the covenant had been broken, on the same ground upon which a breach is alleged in the present case, namely, the existence of the Thorpe incumbrance; and they claimed that by reason thereof they were entitled to recover damages. But the circuit court, on a demurrer to the declaration, held otherwise, and on a writ of error the judgment was affirmed.

In the opinion of this court, delivered by Judge Hinton, it was held that the plaintiffs were not entitled to recover—

*First.* Because it was not alleged in the declaration either that they, or those under whom they claimed, had been evicted from the land, or that they had been kept out of possession by another person or persons in possession thereof under a better title, existing at the time the deed to Davis was made.

*Secondly.* Because, according to the terms of the deed of trust, the plaintiffs were not entitled to the possession of the land, but were only empowered to sell and convey the same in the event default was made in the payment of the purchase-money notes.

And *thirdly.* Because, apart from these considerations, a covenant of warranty cannot be made to take the place of a covenant against incumbrances, and even if it could, the result would have been the same, since the Thorpe incumbrance being prior in time to the deed to Davis, the covenant would have been broken the instant the deed was executed, and thus there would have been merely a non-assignable right of action on the part of the covenantee, Davis; citing *Dickinson* v. *Hoomes,* 8 Gratt. 353, 396; *Sheffey* v. *Gardiner,* 79 Va. 313; 2 Wait's Act. and Def. 380.

It is needless to repeat here what was said in that case. It is sufficient to say that if the trustees in the deed of trust were not entitled to recover upon the facts alleged by them,

*a fortiori* the appellants, who are *cestuis que trust* in the deed, cannot maintain a suit upon substantially the same grounds.

The bill, moreover, is demurrable on other grounds. The real object of the suit is to collect the notes held by the plaintiff; but no facts are alleged in the bill sufficient to constitute a foundation for the jurisdiction of a court of equity to render such a decree as is prayed for, or to show that the plaintiffs were without an adequate remedy at law. True, it is alleged that Thornton, the indorser of the notes, is insolvent, but that circumstance does not give the court jurisdiction to decree against him on the notes, much less to sustain a bill for damages for an alleged breach of contract. *Robertson* v. *Hogsheads,* 3 Leigh, 667; *Buzard* v. *Houston,* 119 U. S. 347.

Besides, the bill is multifarious. It seeks relief in respect of several matters which are in their nature separate and distinct, and as to which the defendants are not liable or interested as connected with each other. Its object is fourfold, namely : (1) To obtain a personal decree against the defendant, Joseph Thornton, as indorser on the notes held by the plaintiffs; (2), to obtain a like decree against the same defendant by way of damages for an alleged breach of warranty; (3), to quiet the title to a portion of the land claimed by the defendants, William H. Marbury and Thomas Thornton, and to have the land in controversy sold, as subject to the deed of trust, and the proceeds thereof applied towards the payment of the notes held by the plaintiffs; and (4), to restrain the defendants, Joseph and Thomas Thornton, from cutting timber on the land.

Whether or not a bill is multifarious depends, it is said, upon its allegations, and not upon its prayer. But as to what constitutes multifariousness, it is impossible to lay down any rule, as an abstract proposition, applicable to all

cases.  Each case must, therefore, be governed by its own circumstances; and much is necessarily left to the sound discretion of the court.  It is well settled, however, that a bill is demurrable in which are united several distinct rights, each sufficient, as stated, to sustain a bill against one defendant, or in which there is a demand of several matters, distinct in their nature, against several defendants, who are unconnected in interest and liability.  And the present case clearly comes within this rule.

In *Dial* v. *Reynolds*, 96 U. S. 340, the bill was filed, among other things, to foreclose a deed of trust, to quiet the title of the trustee, and to remove a cloud cast upon it by the defendant.  On demurrer the bill was dismissed, and the supreme court affirmed the decree, holding it to be well settled that in a foreclosure proceeding the complainant cannot make a person who claims adversely to both the mortgagor and mortgagee a party, and litigate and settle his rights in that case.  See also on the subject of multifariousness, Story's Eq. Pl., §§ 271, 541 *a; Stuart's Heirs* v. *Coalter*, 4 Rand. 74; *Dunn* v. *Dunn*, 26 Gratt. 291; *Huff* v. *Thrash*, 75 Va. 546; *Hill* v. *Hill*, 79 Id. 592; *Batchelder* v. *White*, 80 Id. 103; *Gaines* v. *Chew*, 2 How. 619; *Oliver* v. *Piatt*, 3 Id. 333, 412; *Brinkerhoff* v. *Brown*, 6 Johns. Ch. 139; 1 Bart. Ch. Pr., § 88.

DECREE AFFIRMED.