# Richmond.

## BROWN v. BUCKNER.

### FEBRUARY 20th, 1890.

1. MULTIFARIOUSNESS— *What constitutes it?*—It is either a misjoinder in a bill of claims of such different characters that the court will not permit them to be litigated in one record; or it is where a party is brought as a defendant upon a record, with a large portion of which and of the case made by which he has no connection whatever. But where there is a common liability in the defendants and a common interest in the plaintiffs, different claims may be united in one and the same suit, although the interest be not a co-extensive interest.

2. IDEM—*Case at bar.*—Testator willed a special fund to his widow for life, remainder to two daughters, and to their children if they died before the widow. The husbands of the two daughters, as the executors, gave separate bonds. The daughters and one executor pre-deceased the widow. The other executor and his only child sued administrator and children, and joined testator's widow as defendant, the bill alleging that deceased executor had misappropriated the general and special fund left by testator, and asked for an accounting and an allowance of the claims against the executor's estate, &c. *Held,* the bill was not multifarious.

Appeal from decrees of circuit court of Louisa county, rendered September 21, 1888, in the chancery cause wherein Daniel H. Brown and Robert William Brown were complainants, and George K. Anderson, administrator of Baldwin M. Buckner, deceased, and the children of the deceased; Elizabeth Wilkerson, the widow of Robert Wilkerson, deceased, and others, were defendants. The object of the suit was to seek a settlement of the estate of said Baldwin M. Buckner, deceased, who with the complainant, Daniel H. Brown, was the executor of

the estate of Robert. Wilkerson, deceased. The circuit court dismissed the bill upon a demurrer, and the complainant appealed. Opinion states the case.

*E. S. Brown*, for the appellants.

*G. K. Anderson, Jackson Guy* and *Meredith & Cocke*, for the appellees.

LACY, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Louisa county, rendered on the 21st day of the September, 1888. The appellants, David H. Brown and Robert Wilbur Brown, filed their bill in the said court in August, 1888, against the appellees, George K. Anderson, administrator of Baldwin M. Buckner, deceased, and the widow and children of the said Baldwin M. Buckner; Elizabeth Wilkerson, the widow of Robert Wilkerson, deceased, and other named defendants, seeking a settlement of the estate of the said Baldwin M. Buckner, deceased—who was, with the complainant, Daniel H. Brown, executor of the estate of Robert Wilkerson, deceased. The bill set forth that Robert Wilkerson died in 1859, leaving a will, wherein the said Daniel H. Brown and the said Baldwin M. Buckner were appointed executors; that both qualified, giving separate bonds as such; that the will set apart $5,000 for the widow, the appellee, Elizabeth Wilkerson, to be invested as stated, the interest to be drawn by the said widow for and during her life, for her free use and disposal, and at her death to his two daughters, who had married respectively, one the said Brown and the other the said Buckner, named as executors, to be equally divided between them, "if they be then alive; but if either of them be then dead, I desire her children to receive her part." That both of the daughters, to whom the residue of the estate was left in equal

portions, are dead, and that the complainant, Robert Wilbur Brown was the only child of Mrs. Brown, and the said Mrs. Buckner is dead, leaving five children, the defendants, Robert A. Buckner and others; that a small part of the estate was administered by the complainant, Daniel H. Brown, and the residue by Baldwin M. Buckner, who died largely indebted to the estate, as shown by his last settled account; that Baldwin M. Buckner had invested the $5,000 00 mentioned above as directed by the will—$2,000 in Virginia State bonds, $2,000 in stock of the Bank of Virginia (face value, $2,800), and had lent $1,000 to one Swift, and had the same secured on real estate by trust deed. But that complainants were informed that the said Buckner had subsequently collected and wasted this latter sum of $1,000; that the same was collected in Confederate currency, late in the war, and that the land upon which it was secured had been sold to Swift's son; that Baldwin M. Buckner died leaving an ample estate, which, although in part administered in a suit in the circuit court of Louisa, in the style of *Buckner, &c.*, v. *Buckner's Adm'r*, was still sufficiently unadministered, in the hands of the administrator named above, to meet the demands of the said complainants; that complainants did not know what had become of the $2,000 in Virginia State bonds, nor of the $2,000 in bank stock. The bill prayed (after the prayer for parties) that this suit be united with the cause of *Buckner, &c.*, v. *Buckner's Adm'r;* that the decrees therein be modified as far as necessary; that accounts be taken of the transactions of Baldwin M. Buckner as executor of Robert Wilkerson, deceased, both generally and specially, as to the investments aforesaid, ordered by the will; and that such decrees might be rendered as would put said investments on the best footing, to protect, preserve and secure the rights of Elizabeth Wilkerson during her life, and the children of Mary Ann Buckner and the child of Mildred Minerva Brown after her death, and for all other just and equitable relief. This bill was demurred to as not sufficient

in law, and by decree in the cause, rendered on the 21st day of September, 1888, sustained the demurrer filed and dismissed the bill. Whereupon the plaintiffs applied for and obtained an appeal to this court.

The sole ground of demurrer assigned here in argument is that the bill is multifarious; that the complainants have several and distinct causes of action, which have been improperly united in one bill. To lay down any rule universally applicable as to multifariousness, or to say what constitutes multifariousness, as an abstract proposition is, (it has been said,) upon the authorities, utterly impossible. The cases upon the subject are extremely various, and the court, in deciding them, seems to have considered what was convenient in particular circumstances, rather than to have attempted to lay down any absolute rule. *Campbell* v. *Mackay*, 1 Mylne & C., 618; Story Eq. Pl., sec. 530. Although the books speak generally of demurrers for multifariousness, such demurrers may be divided into two kinds, (1) The objection raised to a bill, though termed " multifariousness," is, in fact, properly speaking, a misjoinder of causes of suit; that is to say, the cases or claims asserted in the bill are of so different a character that the court will not permit them to be litigated in one record. Story, Eq. Pl., secs. 271, 284. It may be that the plaintiffs and the defendants are parties to the whole transactions which form the subject of the suit, but nevertheless those transactions may be so dissimilar that the court will not permit them to be joined together, but will require distinct records. (2) But what is more familiarly understood by " multifariousness," as applied to a bill, is where a party is brought as a defendant upon a record, with a large portion of which, and of the case made by which, he has no connection whatsoever. In the former class of cases, says Mr. Story, when there is a joinder of distinct claims between the same parties, it has never been held, as a general proposition, that they cannot be united, and that the bill is, of course, demurrable for that cause alone, notwithstanding the claims

are of a similar nature, involving similar principles and results, and may therefore, without inconvenience, be heard and adjudged together. If that proposition were to be established and carried to its full extent, it would go far to prevent the uniting of several instruments in one bill, although the same parties were liable with respect to each, and the same parties were interested in the property which was the subject of each. No such rule, however, has been established. On the contrary, a different doctrine has been maintained, and it now seems to be supported by the most satisfactory authority. *Attorney-General* v. *Merchant Tailors' Co.*, 5 Sim., 288; *Campbell* v. *Mackay, supra.*

The result of the principles to be extracted from the cases on this subject seems to be that, where there is a common liability and a common interest—a common liability in the defendants, and a common interest in the plaintiffs—*different claims* to property (at least, if the subjects are such as may, without inconvenience, be joined) may be united in one and the same suit. *Attorney-General* v. *Cradock*, 3 Mylne & C., 85; *Nelson* v. *Hill*, 5 How., 127. And the objection for misjoinder does not apply when all the parties plaintiff have an interest in the suit, although it is not a co-extensive interest. Thus, a tenant for life and a remainderman may join as plaintiffs in the same suit, respecting their interests in the estate. So a widow and her children, who have successive interests in the same trusts, may unite as plaintiffs in one bill to enforce the trust when there has been a breach thereof, as well against a stranger as against the trustee. *Buckeridge* v. *Glasse*, 1 Craig & P., 126. In *Campbell* v. *Mackay, supra,* Lord Cottenham held that when the plaintiffs have a common interest against all the defendants in a suit as to one or more of the questions raised by it, so as to make them all necessary parties for the purpose of enforcing that common interest, the circumstances of some of the defendants, being *subject to distinct liabilities* in respect to different branches of the subject-matter will not render the bill

multifarious.  I Daniel, Ch. Pr., 337, 340.  See also *Wash. City Savings Bank* v. *Thornton,* 83 Va., 157; *Sadler* v. *Whitehurst,* 83 Va., 46; *Huff* v. *Thrash,* 75 Va., 546; *Almond* v. *Wilson, Id.,* 623; *Hill* v. *Hill,* 79 Va., 592; *Universal Life Insurance Co.* v. *Devore,* 83 Va., 267.

In this case both of the plaintiffs are asserting claims against a common fund, the estate of Baldwin M. Buckner, growing out of his transactions concerning the estate of a common ancestor; both are asserting claims derived from a common source, and under a common instrument, the will of Robert Wilkerson.  One is claiming a moiety of the general fund, and the other is claiming a moiety of a special fund, which he is entitled to in remainder, and which the bill charges has been wasted by the executor so as to fix upon him a liability therefor.  The defendants are all interested (though in a different degree as to a part of these) in the transactions of the said executor, which, if the charges of the bill are true, fixes upon them all a liability.  I think the plaintiffs are properly joined, and that the estate of Baldwin M. Buckner could not properly have been settled up in a suit to which they were not parties, either as plaintiffs or defendants.  And, as it is a fixed principle of equity that the real creditor should be a party plaintiff, that they were properly made parties plaintiff, and that the bill is good on demurrer, and not liable to the charge of multifariousness, nor to any other discernible defect, and that the demurrer to the same should have been overruled, it follows that the circuit court erred in its action in sustaining the demurrer and dismissing the bill, and the decree complained of and appealed from here must be reversed and annulled, the demurrer overruled, and the cause remanded to the said circuit court, to be further proceeded in in order to a final decree in the cause.

DECREE REVERSED.