# Richmond.

THOMAS v. SELLMAN.

April 23d, 1891.

1. MULTIFARIOUSNESS.—It is not multifarious for a bill to seek to subject judgment debtor's alleged interest in lands, chattels, &c., to the payment of plaintiff's debt.
2. HUSBAND AND WIFE— *Witness.*—Wife is competent to testify in her own behalf in a suit wherein the validity of a sale to her is litigated and her husband is a party but has no interest.

Appeal from decree of circuit court of Loudoun county rendered October 25th, 1889, in a cause wherein James W. Thomas and others were complainants, and Henry C. Sellman, A. R. Mott, Virginia L. Mott, his wife, and others were defendants. The decree being adverse to the complainants, they appealed. Opinion states the case.

*Edward Nichols* and *W. W. & B. T. Crump*, for the appellants.

*John H. Alexander*, for the appellees.

LACY, J., delivered the opinion of the court.

The bill was filed by the appellants, judgment creditors of the appellees, Sellman & Mott, at the March rules, 1889, having for its object to enforce the said judgments against the property of the defendants, by setting aside as fraudulent a sale made by the said Sellman of a half-interest in a certain

valuable stallion, called "Ramoz," to Virginia L. Mott, as of February 13th, 1889, and ascertain and establish the interest of the said Sellman in certain real and personal property described in the bill, and to subject the same to the payment of the said judgments.

The bill sets forth the judgments, the failure in business of the debtors, Sellman, Douglas, and A. R. Mott, the sale of their property to satisfy the said debts; that, by reason of preferences and a failure of assets, no creditors would receive anything except near relatives; and that after the sale of the property of the debtor, as was supposed, that subsequently one Charles R. Paxon, died, and it was disclosed by his papers that the said Sellman was the half owner of a certain thoroughbred stallion, worth $2,000 or $2,500, which he had heretofore pretended to keep as agent only; that this fact of ownership transpiring, the said Sellman forthwith sold the said one-half of the said horse for $720 to his wife's mother, the said Virginia L. Mott; that, in the first place, the sale was a fraud and a pretence, and nothing was actually paid by the said fraudulent grantee, and, in the next place, the consideration was so grossly inadequate as to amount to a fraud.

The bill further charges that, prior to the failure of the said firm of Douglas & Sellman, said Sellman and one Henry J. Fadeley were in partnership in farming and dairying, and, as such, owned about two hundred and fifty acres of land in Loudoun county, Virginia, with much valuable stock, farming implements, &c., thereon; said Sellman's share was conveyed to trustees, John H. Alexander and said H. L. Fadeley, who afterwards sold the same as a whole, and said Fadeley was announced the purchaser thereof; since said sale said Sellman, they are informed, has continued his interest in and oversight of the said property, alleged to have been sold to said Fadeley by said trustees, and they are constrained to believe from many events brought to their knowledge, that said Sellman has had, and now has, an interest in all said property purchased in the

name of said Fadeley from said trustees, and all additions to and increase of the stock, &c., on said land, and such interests and rights of said Sellman in any property standing in the name of said Fadeley is subject to the said judgments and execution liens; and prayed that the defendants be required to answer (answers under oath being waived), asked for an injunction to restrain the said Sellman from collecting any debts due him, and that a receiver be appointed to take charge of the said stallion "Ramoz," and to collect all choses in action of the said Sellman, or in which he may be interested; that Virginia L. Mott be restrained from selling or disposing of the one-half of the horse, and that an account might be taken of all the estate, real and personal, belonging to the defendant, and any choses in action due them, and an account of all liens, and a decree for a sale of the said estate, real and personal.

Sellman answered, admitting the debts and his failure in business, and alleging his surrender of all of his property to his creditors, and denying that he had any property on which either judgment or execution could be any lien; *that* he never had any interest in the horse until it was acquired in 1888; that he did not make any pretended or fraudulent sale of the said interest in the said horse; that he sold the said interest to pay for the board of himself, his wife, and his child, which he justly owed to his mother-in-law, who kept a boarding-house, and that he had nothing now but the fruits of his daily labor, of which he should not be deprived by injunction order restraining him from collecting, and restraining his employer from paying to him.

Virginia L. Mott answered that the debt was honest, and set forth in detail its history, character and amount, and shows that the amount paid for one-half of a horse was not insignificant nor inadequate at $720.

The injunction was, however, awarded, and on the motion

of Sellman to dissolve the same, it was continued in force temporarily as to all debts or amounts due Sellman over $50 in the aggregate.

Depositions were taken to show that the ownership of the one-half of the horse, and also to show that Sellman was still interested in the dairy farm; and depositions were taken for the defendants, among them Virginia L. Mott, to which the plaintiffs excepted, because of her husband's interest in the result of the suit.

On the 25th day of October, 1889, a decree was rendered, by which it was held that the sale to Mrs. Mott of the one-half interest in the horse was valid and not fraudulent, and that it was not shown that H. C. Sellman has any interest in the Fadeley land and personal property thereon. The court dismissed the bill as to Virginia L. Mott, H. J. Fadeley, and A. R. Mott, with costs, and referred it to a commissioner to take an account of what collections have been made since August 11, 1888, and to whom; an account of the earnings of the horse "Ramoz," prior to the conveyance to V. L. Mott, and what is due thereon, and to settle an account between H. C. Sellman and C. R. Paxton's, ex'x, &c.; which report was made and returned, showing a balance due to Sellman of $113.89 of collections, and uncollected debts amounting to $210, which the court confirmed, and decreed the net balance due Sellman to be paid to his creditors, the complainants. From this decree the said complainant appealed to this court.

The appellees insist here first, that the bill in the circuit court should have been dismissed on the demurrer and answer, because the same is clearly multifarious; and for that reason this appeal should be dismissed. But, according to the decisions of this court, this claim as to the bill is not sustained, and the bill is not multifarious. Its object was to reach the property of the defendant, Sellman, to the lien of the plaintiff's judgment and execution. This was the one common ob-

ject which ran through the whole bill. See *Sadler* v. *White-hurst*, 83 Va. R. *Uni. Life Ins. Co.* v. *Devore, Id.*, 267, and authorities cited; also, *Nulton* v. *Isaacs*, 30 Gratt., 723; *Almond* v. *Wilson*, 75 Va. Rep., 613, opinion of Staples, J.

As to the assignment of error by the appellants, that the circuit court erred in not setting aside the sale to Mrs. Mott, and in not subjecting the interest to Sellman in the dairy farm, it is clear. from an examination of the evidence herein, that no such supposed interest of Sellman was developed by the testimony; and as to the sale to Mrs. Mott of the one-half of the horse, the consideration was distinctly proved, if Mrs. Mott was a competent witness, and this she clearly was in her own behalf, as interest no longer debars a witness, and her husband, though a party to the suit, had no interest therein, and the wife was not disqualified as a witness by reason of his being a party to the suit. *Farley* v. *Tillar*, 81 Va., 279; *Hayes and Wife* v. *Va. Mut. Protection Association*, 76 Va., 228.

But it is insisted that, although Virginia L. Mott was a purchaser for valuable consideration, without notice of any lien, that yet the executions issued against Sellman were liens on the interest in the horse, prior to and paramount to any right which Sellman could sell or Virginia L. Mott could purchase. But there was no lien under these executions, which had never been levied thereon before the return-day thereof.

Section 3587 of the Code of Virginia provides that: " The lien of a writ of *fieri facias* under this section, on what is capable of being levied on, but is not levied on under the writ on or before the return-day thereof, shall cease on that day."

The sale to Mrs. Mott of the horse appears to have been upon a valuable consideration of unencumbered property, and the other creditors have no valid ground of objection as against Mrs. Mott, who has paid for the property purchased at a price certainly not grossly inadequate in any view of the question.

As far as Sellman is concerned, all of the property belonging to him which was developed by the proceedings herein

was paid to his creditors, and the court could not properly have gone farther.

There appears to be no error in the decree of the circuit court of Loudoun, appealed from here, and the same will be affirmed.

Decree affirmed.