## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

HUTCHISON'S ADM'R v. MERSHON'S ADM'X.

February 2d, 1893.

1. CHANCERY PRACTICE—*Creditor's bill—Multifariousness.*—Where there was a creditor's bill, in the usual form, to subject the estate of the debtor to the payment of his debts, as the debtor was the holder of an undivided interest in real estate, it was necessary to make all having or claiming a common interest and common liability, as respects the subject-matter in controversy, parties to one and the same suit, in order to carry out the single object of the bill.

HELD:

> The bill is in no sense multifarious. *Brown* v. *Buckner*, 86 Va. 612.

Appeal from decree of circuit court of Loudoun county, rendered October 23d, 1890, in a cause wherein Hutchison's administrator was complainant and Benjamin Mershon's administratrix and others were defendants.

Hutchison's administrator filed his bill February, 1884, instituting a creditor's suit against the estate of Benjamin Mershon, deceased, praying an account of the transactions of the administratrix upon the estate of the said Benjamin, and seeking to subject his real estate to the payment of his debts. The said Benjamin having died without issue, his brothers and sisters, and the descendants of such as were dead, were made parties defendant. The bill set forth that the plaintiff was the creditor of said Benjamin in several bonds, which had been partly paid by the administratrix out of the personal assets; and set forth the real estate of said Benjamin, as follows: That his father owned a tract of land in Loudoun county of two hundred and thirty acres, which descended to his children—Benjamin aforesaid, Wyatt, James, Henry,

Sarah B., John, Samuel, and Thomas Mershon.    Sarah B. had married one James on the 29th of March, 1856, in the state of Louisiana.    Thomas, James, and Wyatt Mershon, and Sarah· B. James signed· a certain paper writing, purporting to be a conveyance to said Benjamin Mershon of all of their interest in said tract of two hundred and thirty acres, in consideration of· the payment by said.Benjamin of all the father's debts.    The said paper, which is claimed· to be a good and valid contract, was filed with the bill, and prayed to be taken as part thereof.

It was further set forth that the said Benjamin had complied fully with the said contract, dated in 1856, and held it to the time of his death, and that it was still in the possession of his widow.    That shortly after the execution of said contract a suit was brought in the circuit court of Loudoun by one Saffer to subject the interest of the said Thomas Mershon aforesaid, the brother of Benjamin, to the payment of the debts of the said Thomas, which interest of Thomas was sold nominally to Benjamin, but paid for by Hutchison.

The non-resident parties were proceeded against by order of publication.

The bill was never answered, but at the·April term, 1884, a decree was rendered directing the following accounts : (1) An account of the transactions of the administratrix aforesaid ; (2) an account of the debts of Benjamin now unpaid ; (3) an account of his interest in the real estate in the bill mentioned and described, and of any other real estate owned by him at the time of his death ; (4) an account of the interest of the plaintiff in said real estate.

In April, 1885, a commissioner, to whom the matter had been referred, reported—(1) an account of the transactions of the administratrix ; the balance in hand, which had been disbursed in the payment of debts, among them in part the debts of the plaintiff ; (2) an account showing the debts of Benjamin

Mershon, aggregating $1,332.40, May 1st, 1885, and among them the debts of the plaintiff, with certain credits, and debts due Moore's testator of $658.69, with certain credits first deducted; (3) an account showing that the real estate of Benjamin at the time of his death was 153⅓ acres of the 230-acre tract, or four undivided sixths thereof; (4) that complainant owned one sixth and Henry Mershon's heirs one sixth. At the term a decree was rendered confirming this report, and at the October term, 1886, a decree was rendered for a sale of this real estate.

At the October term, 1888, Sarah E. Douglas and B. D. James filed their petition in the cause, claiming to be the heirs-at-law of Sarah B. James and James Mershon, and denying that the paper writing, purporting to convey the said three shares of the said 230 acres to Benjamin, had any validity, claiming their share of this land, and asking to have all the debts of Benjamin barred by the statute of limitations excluded. At the January term, 1890, a decree was rendered admitting these as parties defendant. At October term, 1890, the said Douglas and James filed their demurrer to the bill, and certain exceptions to the above-mentioned commissioner's report in the cause. The grounds of demurrer stated were (1) for want of equity; (2) for multifariousness; (3) because the demands therein set up were stale. The grounds of the exceptions were stated—(1) because he reported a number of debts barred by the statute of limitations; (2) because all the demands reported were stale demands; and asked that their petition be treated as a petition to rehear the decree of April, 1885, confirming the commissioner's report. Whereupon the circuit court, on the 23d day of October, 1890, rendered a decree dismissing the complainant's bill, but without prejudice. From this decree the plaintiff appealed.

*Alexander & Tebbs* and *R. W. Moore,* for appellant.

*Lee & Janney*, for appellee.

LACY, J., (after stating the case as aforesaid,) delivered the opinion of the court.

The ground upon which the action of the circuit court is based is not stated by that court.   It is insisted here that the bill is multifarious.   This is a creditor's bill, in the usual form, to subject the estate of the debtor to the payment of his debts; and, as he was the holder of an undivided interest in real estate, it was necessary to do this in order to carry out the common and single object of the bill.   And this bill is in no sense multifarious.   As to what might be regarded as multifariousness, see *Brown* v. *Buckner*, 86 Va. 612; *Thomas* v. *Sellman*, 87 Va. Rep. 683.

The debts sued on were not barred by the statute of limitations, and there is no ground upon which they can be adjudged to be stale demands.   They have been demanded, and collections made on them, from time to time, until the personal assets of Mershon's estate have been exhausted, and the right of the creditors to subject the real estate of said Mershon to the payment of such as is still due appears to be plain.   These claims had been presented before the commissioner taking an account of Mershon's debts, and been allowed and endorsed as valid debts against the estate, and *pro rata* payments made on them.

It does not appear that there is any ground upon which the decree dismissing the bill can be sustained, and we are of opinion that the said decree is erroneous, and should be reversed and annulled, and the cause remanded for further proceedings to be had therein, in order for a final decree giving the relief prayed for in accordance with the report of the commissioner filed and confirmed in the cause.

DECREE REVERSED.